[No. 8929–3–I.  Division One.  December 15, 1980.]

MARTIN LUTHER SIMMS, *Appellant,* v. ALLSTATE INSURANCE COMPANY, ET AL, *Respondents.*

*Richard J. Parker,* for appellant.

*Clarke & Bovingdon, George G. Bovingdon,* and *Jones M. Golden,* for respondents.

CALLOW, C.J.—The plaintiff appeals from a summary judgment dismissing his claim against Allstate Insurance Company on the ground that it was barred by the insurance contract's 1-year limitation period. The plaintiff filed suit against Allstate on June 22, 1979, alleging breach of contract and violation of the Consumer Protection Act, RCW 19.86. The breach of contract claim is based on Allstate's failure to pay the plaintiff for theft losses sustained in February 1977 and May or June 1978. This appeal presents five issues.

First, the plaintiff argues that the insurance contract's 1-year limitation period is invalid. The insurance policy provides:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

WAC 284-20-010 requires all fire insurance policies to be written on the 1943 New York Standard form, which includes this clause. RCW 48.18.200 invalidates only those

contract limitation clauses that require suit to be brought in less than 1 year:

(1) No insurance contract . . . shall contain any condition, stipulation, or agreement

. . .

(c) limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances other than property and marine and transportation insurances. *In contracts of property insurance, . . . such limitation shall not be to a period of less than one year from the date of the loss.*

(Italics ours.) In passing on the validity of a similar clause, it was stated in *Hefner v. Great Am. Ins. Co.,* 126 Wash. 390, 391, 218 P. 206 (1923): "We have uniformly held that a clause in such a contract fixing a limitation of the time in which suit is sustainable is a valid one." Further, *Johnson v. Phoenix Assurance Co.,* 70 Wn.2d 726, 425 P.2d 1 (1967), held that such a commencement of action clause does not conflict with RCW 48.18.200.

█ The plaintiff's authority is distinguishable. In *Signal Ins. Co. v. Walden,* 10 Wn. App. 350, 517 P.2d 611 (1973), the court invalidated as contrary to public policy a 1–year limitation clause for uninsured motorist coverage. The company had contended that because the insured could reject the coverage entirely, the coverage could be limited by agreement.

Any limiting language in an insurance contract which has the effect of providing less protection than that made *obligatory* by the above statute would be contrary to the public policy as expressed, and of no force and effect.

(Italics ours.) *Signal Ins. Co. v. Walden, supra* at 353, quoting *Brummett v. Grange Ins. Ass'n,* 4 Wn. App. 979, 981, 485 P.2d 88 (1971). In contrast to RCW 48.22.030, RCW 48.18.200, by negative implication, authorizes limitation clauses that require suit to be brought within 1 year.

█ Second, the plaintiff argues that the time of "inception of the loss," which begins the contract limitation

period, should be construed to be the date the insurance company denied liability, that is, the date the cause of action accrued. RCW 48.18.200(1)(c) distinguishes between property, marine, and transportation insurance and insurance covering other risks. A limitation period covering other risks cannot be less than 1 year from the date the "cause of action accrues." "A cause of action generally accrues for purposes of the commencement of the statute of limitation when a party has a right to apply to court for relief." *Bush v. Safeco Ins. Co. of America,* 23 Wn. App. 327, 329, 596 P.2d 1357 (1959). A property insurance limitation period, however, cannot be less than 1 year from the "date of such loss." The distinction in RCW 48.18.200(1)(c) leads us to conclude that "inception of the loss" means the "date of such loss." Thus, the limitation period began to run on the date the loss occurred. *See State Ins. Co. v. Meesman,* 2 Wash. 459, 463, 27 P. 77 (1891).

Third, the plaintiff argues that before summary judgment can be granted because of failure to bring suit within the contract limitation period, the court must find that the insurance company was prejudiced by the delay.

A finding of prejudice is required before an insurance company may rely on an insured's failure to give timely notice, *Washington Ins. Guar. Ass'n v. Hill,* 19 Wn. App. 195, 574 P.2d 405 (1978), or an insured's breach of a cooperation clause, *Oregon Auto. Ins. Co. v. Salzberg,* 85 Wn.2d 372, 535 P.2d 816 (1975). This requirement has not been extended to contract limitation clauses in Washington.

The plaintiff relies on the holding in *ACF Produce, Inc. v. Chubb/Pacific Indem. Group,* 451 F. Supp. 1095 (E.D. Pa. 1978) (applying Pennsylvania law). We do not agree with the interpretation of the case of *Diamon v. Penn Mut. Fire Ins. Co.,* 247 Pa. Super. Ct. 534, 372 A.2d 1218 (1977), by the decision in the *ACF Produce* case. *Diamon* held that the contract limitation period had been suspended when the insurance adjuster caused criminal charges to be filed against the insured; the court was unable to determine

whether something had happened to start the period running again. We find in *Leone v. Aetna Cas. & Sur. Co.,* 599 F.2d 566, 569 n.4 (3d Cir. 1979), the following:

> It is contended here that under the interpretation given it in *Diamon, Brakeman v. Potomac Ins. Co.,* 472 Pa. 66, 371 A.2d 193 (1977) requires Aetna to establish prejudice to it in order to take advantage of the suit limitation clause. In *Brakeman,* the Court was dealing with a notice of accident clause in an automobile liability policy. Abandoning past precedent, it was held that before an insuror could deny its policy obligations on the basis of a breach of such a clause, it must first establish prejudice to it by reason of the breach. We are not as sure as was Judge Huyett in *ACF Produce, Inc. v. Chubb/Pacific Indem. Group* . . . that *Diamon* meant to apply *Brakeman* to a statutorily required suit limitation clause as well as to the type of contractual clause at issue there. *Diamon's use of Brakeman can be read as applying it only to the issue of when and under what circumstances the tolling ceases and the suit limitation period begins to run again.* In making this determination, the *Diamon* Court seems to be saying that lack of prejudice to the insuror may be a relevant factor.

(Citation omitted. Some italics ours.)

Several courts have rejected the plaintiff's argument. In *Brandywine One Hundred Corp. v. Hartford Fire Ins. Co.,* 405 F. Supp. 147, 151 (D. Del. 1975) (applying Delaware law), *aff'd mem.,* 588 F.2d 819 (3d Cir. 1978), the court stated:

> [T]he purpose of the notice requirement in a policy is the avoidance of prejudice to an insurer in handling a claim due to lapse of time. For this reason the failure of an insured to give notice will be recognized as a defense only if the insurer is actually prejudiced thereby. . . . [P]rejudice from delay in filing suit is not a "paramount" concern, as was the stated rationale in [State Farm Mut. Auto. Ins. Co. v. Johnson, 320 A.2d 345 (Del. 1974)], where the issue was the failure to give notice. . . .
> . . . The essential difference between the requirement of notice and the limitation on suit has already been

referred to. The purpose of the former is to avoid prejudice; the latter is simply a contractual modification of the statute of limitations.

*Donahue v. Hartford Fire Ins. Co.*, 110 R.I. 603, 604, 295 A.2d 693, 694 (1972), states:

> The requirement in *Pickering* [*v. American Employers Ins. Co.*, 109 R.I. 143, 282 A.2d 584 (1971)] that an insurer show prejudice before it can rely on noncompliance with the notice provisions was prompted by an expressed recognition that today's insurance contract is furnished to an insured on a take–it–or–leave–it basis. Moreover, there is an implicit realization on our part that in this day and age attempts to comply with notice provisions are sometimes carried on in a very informal way which frequently consists of no more than a telephone call by an insured to the seller of the policy who then, because of his desire to serve his customer, takes over from there. We never intended by our holding in *Pickering* to permit an insured, once he has purchased his policy, to file it away and forget it, and then defend his neglect to commence suit within the stipulated period on the ground that the insurer was not prejudiced thereby.

We agree with the reasoning in *Brandywine* and *Donahue*. We hold that a finding of prejudice is not required before an insurance company may rely on an insured's failure to bring suit within the contract limitation period.

Fourth, the plaintiff argues that the alleged violations of the Consumer Protection Act, RCW 19.86, are not governed by the contract limitation period, but by the 4–year statute of limitations, RCW 19.86.120.

*Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316 (9th Cir. 1969), held that an allegation of wanton, reckless, and negligent failure of an insurance company to adjust a loss was governed by the contract limitation period. The court explained:

> Plaintiff cannot escape the fact that, save for the insuring contract, there would be no legal relationship between the parties and hence defendant could not be guilty of a failure to adjust. To that extent plaintiff's

right to sue is governed by the terms of the policy, one of which is the express limitation provision requiring any suit to be brought "within 12 months next after the inception of the loss." . . . Even if the limitation began to run, not from the time of the loss, as expressly provided in the policy, but rather from the date of defendant's alleged refusal, plaintiff's suit was not timely.

*Barrow Dev. Co. v. Fulton Ins. Co., supra* at 319.

*Murphy v. Allstate Ins. Co.,* 83 Cal. App. 3d 38, 147 Cal. Rptr. 565 (1978), reached a contrary result. The plaintiff had alleged fraud, conspiracy to defraud, and bad faith. In construing the same limitation clause at issue here, the court concluded:

> [T]he words "any claim" taken together with the words "on this policy" and "within 12 months next after inception of the loss" plainly refer to a claim for a loss covered by the policy. This provision has no applicability to an action unless it is an action on the policy.

*Murphy v. Allstate Ins. Co.,* 83 Cal. App. 3d at 44, 147 Cal. Rptr. at 571.

> [W]hile it is true that a bad faith claim is predicated upon a breach of the duty of good faith and fair dealing that arises out of the contractual relationship between the parties . . . and while the implied covenant of good faith and fair dealing is "immanent in the contract" . . ., the duty of good faith and fair dealing is not strictly a contractual obligation. It is an obligation imposed by law which governs a party to a contract in discharging its contractual responsibilities.

(Citations omitted.) *Murphy v. Allstate Ins. Co.,* 83 Cal. App. 3d at 48, 147 Cal. Rptr. at 574.

■ We agree that "on this policy for the recovery of any claim" means claims compensable under the contract, not claims arising under an independent statute. Moreover, the 4–year statute of limitations in the Consumer Protection Act, RCW 19.86.120, and the act itself should not be frustrated by a limitations period required in all contracts of fire insurance.

Finally, the plaintiff argues that the court erred in granting the defendant's motion for summary judgment because

a genuine issue of material fact exists. The plaintiff filed two claims for theft losses with Allstate, which are the basis of the breach of contract action. The first loss, sustained on February 11, 1977, is barred by the contract's 1–year limitation period because suit was not filed until June 22, 1979. A controversy exists, however, over the date the second loss occurred. The plaintiff's complaint, in paragraphs 6 and 7, appears to set the date at June 1, 1978:

> On June 1st, 1978 plaintiff was informed that his insurance was to be cancelled. Plaintiff was unable to obtain information contained in this report despite repeated effort.
>
> *At this time* plaintiff filed a claim for loss of all unscheduled personal property which occurred prior and/or subsequent to the unauthorized entry into and occupation of his residence by party or parties not known at this time.

(Italics ours.) The plaintiff's affidavit sets the date at approximately June 29, 1978:

> I learned of the loss of my personal property from my home via telephone call on Thursday, June 29, 1978 while at the *King County Jail*, Seattle, Washington . . .

The date of the second theft is a material, disputed fact, and therefore summary judgment should not have been granted.

The cause is remanded for further proceedings consistent with this decision.

JAMES and RINGOLD, JJ., concur.

Reconsideration denied February 17, 1981.