[No. 24662-1-III.   Division Three.   October 19, 2006.]

KEVIN BEROTH, *Plaintiff*, ANGELA M. LONGIE ET AL., *Appellants*, v. APOLLO COLLEGE, INC., ET AL., *Respondents*.

552

*George A. Critchlow* and *Gail A. Hammer* (of *University Legal Assistance*), for appellants.

*W. George Bassett* (of *Graham & Dunn, P.C.*), for respondents.

¶1 SCHULTHEIS, A.C.J. — Kevin Beroth, Cheri Adams, and Angela Longie—former students at Apollo College-Spokane, Inc.—sued Apollo for violations of Washington's Consumer Protection Act (CPA) (chapter 19.86 RCW), various torts, and breach of contract. Their claims were submitted to arbitration pursuant to an arbitration agreement negotiated after they filed suit. The arbitrator dismissed the claims of Ms. Adams and Ms. Longie for failure to comply with the time limit contained in the arbitration provision of their original enrollment agreement. On appeal, Ms. Adams and Ms. Longie contend (1) the new arbitration agreement rescinded the original agreement, (2) the original agreement is invalid as unconscionable, and (3) the original agreement's limitation provision does not apply to claims arising under the CPA. Because none of these contentions justify vacation of the arbitrator's award under former RCW 7.04.160 (1943), we affirm.

FACTS

¶2 Ms. Adams, Ms. Longie, and Mr. Beroth were all students at Apollo in 2002. Each signed a one-sheet enrollment agreement that contained an arbitration provision on the back of the page. This provision stated that all actions against the school arising out of the enrollment agreement—other than for collection of amounts owed by the student—must be resolved exclusively by binding arbitration and must be commenced within one year of the

student's withdrawal, dismissal, or graduation from Apollo. It also provided that Apollo would choose the arbitrator, the student would share arbitration costs, the student's recovery was limited to tuition and fees, and the prevailing party was entitled to attorney fees and costs.

¶3 Ms. Adams and Ms. Longie signed the agreement and entered classes in dental assisting in August 2002. Mr. Beroth signed the agreement and began the medical assisting program in October 2002.[1] These were all nine-month programs. Ms. Adams graduated on May 22, 2003 and Ms. Longie withdrew from school on May 19, 2003. Mr. Beroth was terminated from an externship and withdrew from the program in January 2004.

¶4 On June 9, 2004, Mr. Beroth, Ms. Adams, and Ms. Longie joined their claims and filed suit against Apollo for violations of the CPA, negligent misrepresentation, fraud, and breach of contract. They claimed that classes at Apollo were overcrowded, instructors and equipment were inadequate, and grades were inflated. Apollo demanded arbitration. When the students resisted, Apollo offered a new arbitration agreement to the students' attorney:

> You have, on behalf of your client[s], declined our demand for arbitration on the grounds that the arbitration clause your clients signed is unconscionable, even though they have verified under oath that each Enrollment Agreement containing the arbitration provision is an "enforceable contract" (Complaint ¶¶ 7.1 and 7.2). Your letter of August 24, 2004 did not set forth your specific concerns, nor did it cite any authority to support your conclusion.
>
> Nevertheless, here is a specific form of arbitration agreement that Apollo College tenders to your clients and that we believe is fair and equitable to both sides. You will note that the choice of arbitrator is by negotiation and failing agreement within ten days, by the Superior Court. You will also note that Apollo College is willing to pay the full cost of the arbitration.

---

[1] Ms. Adams signed the agreement on August 2, 2002; Ms. Longie signed on July 9, 2002; and Mr. Beroth signed on October 9, 2002.

> This particular form of an Arbitration Agreement is not tendered on a "take it or leave it" basis. If there are particular provisions included or omitted that you find unfair, we are certainly willing to discuss them with you.
>
> Please let me know by September 20, 2004 whether this or some form of arbitration agreement that you propose would be acceptable to your clients. Call me if you have questions.

Clerk's Papers (CP) at 176. This new agreement provided that all arbitration proceedings "shall be conducted in accordance with provisions of this agreement and the provisions of [former] RCW chapter 7.04 on Arbitration." CP at 33. In contrast to the original arbitration provision, this agreement provided that the parties would mutually agree to the arbitrator, the arbitrator would have authority to award any damages or equitable relief and to settle all controversies, and the arbitrator's decision would be appealable. In a separate letter, Apollo agreed to pay the costs of arbitration. The new agreement did not mention the one-year limitation period for filing claims. Each of the students signed the arbitration agreement in November 2004.

¶5 In January 2005, Apollo moved to dismiss all claims brought by Ms. Adams and Ms. Longie as untimely. It argued that their complaint was filed more than a year after Ms. Adams graduated and Ms. Longie withdrew. By order entered on March 3, 2005, the arbitrator dismissed Ms. Adams's and Ms. Longie's complaints. Their motion to vacate the arbitration ruling was denied by the Spokane County Superior Court, which entered judgment on October 11, 2005. This appeal followed.

RESCISSION OF THE ORIGINAL ARBITRATION PROVISION

¶6 Ms. Adams and Ms. Longie (the students) challenge the trial court's order upholding the arbitrator's decision, arguing that the new arbitration agreement superseded and rescinded the original provision, the original arbitration provision was unconscionable, and the one-year limi-

tation period does not apply to CPA claims (which have a four-year statute of limitations (RCW 19.86.120)). The resolution of the students' issues depends entirely upon the standard for reviewing an arbitration award.

¶7 The students contend this court should employ de novo review because the issues raised concern the validity of an arbitration clause. They cite contract interpretation cases and *Zuver v. Airtouch Communications, Inc.*, 153 Wn.2d 293, 297-98, 103 P.3d 753 (2004), which involves a party's refusal to submit to an arbitration on the basis that the arbitration agreement was unconscionable. Unlike in *Zuver*, however, the parties here did not resist arbitration and were not compelled by a court under former RCW 7.04.040 (1943) to submit to arbitration proceedings. If the students had resisted arbitration, the trial court's decision to grant or deny arbitration would be reviewed de novo by this court. *Id.* at 302. However, they consented to arbitration and specifically submitted the issue of the enforceability of the two arbitration agreements to the arbitrator. After a hearing, the arbitrator issued a decision to dismiss their claims based upon his analysis of these issues. It is the validity of the arbitrator's decision—not the enforceability of the arbitration provision—that is at issue before this court.

¶8 Arbitration is favored in Washington as an expeditious means of resolving conflicts without involvement of the courts. *Davidson v. Hensen*, 135 Wn.2d 112, 118, 954 P.2d 1327 (1998); *Westmark Props., Inc. v. McGuire*, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989). "It is designed to settle controversies, not to serve as a prelude to litigation." *Westmark*, 53 Wn. App. at 402. Judicial review of an arbitration decision is entirely statutory. *Godfrey v. Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 893, 16 P.3d 617 (2001). While an arbitration agreement may control what issues are to be arbitrated, once the issues are submitted to arbitration, the proceeding itself is governed by statute. *Id.* at 894.

■ ■ ¶9 Under Washington's former arbitration statute, chapter 7.04 RCW (1943), "there is no such thing as a trial de novo." *Godfrey*, 142 Wn.2d at 895. The trial court's review of an arbitrator's decision is limited to vacation of the award under former RCW 7.04.160 or to modification or correction of the award under former RCW 7.04.170 (1943).[2] *Id.* The students moved to vacate the arbitrator's award pursuant to former RCW 7.04.160(4).[3] In pertinent part, the statute provides that

> In any of the following cases the court shall after notice and hearing make an order vacating the award, upon the application of any party to the arbitration:
>
> (1) Where the award was procured by corruption, fraud or other undue means.
>
> (2) Where there was evident partiality or corruption in the arbitrators or any of them.
>
> (3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced.
>
> (4) Where the arbitrators exceeded their powers, *or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.*
>
> (5) If there was no valid submission or arbitration agreement and the proceeding was instituted without either serving a notice of intention to arbitrate . . . or without serving a motion to compel arbitration . . . .
>
> An award shall not be vacated upon any of the grounds set forth under subdivisions (1) to (4), inclusive, unless the court is satisfied that substantial rights of the parties were prejudiced thereby.

[2] Former RCW 7.04.170, which allowed the trial court to modify or correct an award that contains miscalculations or other errors, or that indicates the arbitrator awarded on a matter not submitted to him or her, is not at issue in this case.

[3] Former chapter 7.04 RCW refers to the arbitrator's decision as an "award." *See, e.g.*, former RCW 7.04.140 (1943). An arbitrator's award is a "statement of the outcome, much as a judgment states the outcome." *Westmark*, 53 Wn. App. at 403.

Former RCW 7.04.160. To determine whether vacation of the arbitrator's award is appropriate under one or more of the above limited circumstances, the court considers only the face of the award. *Davidson*, 135 Wn.2d at 118. Neither the evidence before the arbitrator nor the merits of the case are considered by the reviewing court. *Id.* at 119. If there is no error of law on the face of the award, it cannot be vacated. *Id.* at 118.

■■ ¶10 Citing former RCW 7.04.160(4), the students argue that the arbitrator exceeded his authority by erroneously applying the law. They cite cases for the proposition that a subsequent arbitration agreement supersedes an earlier arbitration agreement. *See, e.g., Higgins v. Stafford*, 123 Wn.2d 160, 165, 866 P.2d 31 (1994). However, the issue of contract interpretation was submitted to the arbitrator by agreement of the parties. The arbitrator became the judge of both the law and the facts. *Boyd v. Davis*, 127 Wn.2d 256, 263, 897 P.2d 1239 (1995) (quoting *N. State Constr. Co. v. Banchero*, 63 Wn.2d 245, 249-50, 386 P.2d 625 (1963)). He did not exceed his authority in making the factual determination that the parties considered the original contract binding and enforceable when executed. Further, he did not adopt an erroneous rule or mistakenly apply the law by deciding that the evidence did not support rescission of the original contract or a novation.

¶11 It bears repeating that on judicial review of the arbitrator's decision, this court cannot consider the evidence or the merits of the students' arguments. *Davidson*, 135 Wn.2d at 118. Because these issues were submitted by the parties, and the arbitrator decided nothing more than these issues, his decision is not subject to reversal under former RCW 7.04.160(4). *See Westmark*, 53 Wn. App. at 404 ("The arbitrator was empowered to decide the issues submitted; he decided nothing more. He made a full and final decision."). Accordingly, the trial court did not err in denying the students' motion to vacate the arbitration ruling.

¶12 The students additionally argue that the arbitrator exceeded his authority by rendering a decision under an illegal, unconscionable contract. Citing *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 103 P.3d 773 (2004), they contend unconscionability may be argued to invalidate an arbitration agreement.

¶13 Washington courts recognize two types of unconscionability: substantive and procedural. *Tjart v. Smith Barney, Inc.*, 107 Wn. App. 885, 898, 28 P.3d 823 (2001). Substantively unconscionable contracts have one-sided or overly harsh terms or clauses. *Id.* A claim of procedural unconscionability alleges the lack of a meaningful choice in the making of the contract, including the parties' opportunity to understand the contract terms. *Id.* Although unconscionability is a question of law, the determination of unconscionability is based on the factual circumstances surrounding the transaction. *Adler*, 153 Wn.2d at 344; *Tjart*, 107 Wn. App. at 898.

¶14 The illegality of a contract may be raised at any time; however, Washington courts distinguish between illegal contracts that are void ab initio (those that are criminal or against public policy, such as wagering contracts) and those that may not be enforced by certain parties under certain circumstances. *Davidson*, 135 Wn.2d at 130.

¶15 In *Davidson*, a building contractor sued homeowners for amounts due under an agreement to remodel a barn. The matter was submitted to arbitration in accordance with the parties' contract, and the homeowners argued that the contractor was not properly registered. Noncompliance with the relevant registration statute is a misdemeanor. *Id.* at 126. After the arbitrator reached a decision in favor of the contractor, the homeowners moved to reopen arbitration on the basis of new, conclusive information that the contractor illegally entered into the agreement without proper registration. On review after the arbitrator's refusal to reopen arbitration, the trial court found that the issue of

the contract's validity was heard and determined by the arbitrator. Further, finding no errors of law or fact on the face of the arbitration award, the trial court denied the homeowners' motion to vacate. *Id.* at 117 n.2.

¶16 On appeal of the trial court's confirmation of the arbitrator's award, the homeowners argued that the arbitrator did not have authority to render an award because the contract was unenforceable due to its illegality. *Id.* at 126. Finding that the contract had limited enforceability but was not void ab initio, *Davidson* held that the narrow grounds for judicial review of an arbitrator's award found in former chapter 7.04 RCW did not allow the court to question the arbitrator's role as judge of both the facts and the law. *Id.* at 132-33. The terms of the parties' arbitration agreement granted the arbitrator authority to determine the legality of the contract. *Id.* at 116, 127. Accordingly, unless the contract was criminal or immoral on its face, the arbitrator's decision regarding its legality was binding. *Id.* at 132-33.

¶17 Here, as in *Davidson*, the arbitrator was granted authority under the original arbitration provision and the new arbitration agreement to decide all controversies arising out of the enrollment agreement. Nothing in the record before this court indicates whether the students argued in arbitration that the original provision was unconscionable. If not, this affirmative defense was probably waived. *See id.* at 133 (citing CR 8(c)). Further, a determination of unconscionability requires examination of the circumstances surrounding the making of the agreement. *Tjart,* 107 Wn. App. at 898. This court does not address the record or the merits of the case on judicial review of an arbitrator's decision. *Davidson,* 135 Wn.2d at 119. Finally, even if the original provision was unconscionable, the agreement was not necessarily criminal or immoral on its face. *Id.* at 132. Accordingly, the students failed to meet the narrow statutory grounds for vacation of the arbitrator's award under former RCW 7.04.160(4).

WAIVER BY CONTRACT OF THE CPA STATUTE OF LIMITATIONS

¶18  The students' final contention is that the arbitrator's decision is erroneous on its face because it unlawfully limits the time to file claims under the CPA. Citing *Simms v. Allstate Insurance Co.*, 27 Wn. App. 872, 621 P.2d 155 (1980), they contend the four-year statute of limitations for CPA claims, RCW 19.86.120, cannot be contractually shortened because CPA claims do not arise from contracts but from statutory violations. They also assert that imposing a shorter statute of limitations on CPA claims is against public policy.

¶19  In *Simms*, an insurance contract included a one-year limitation on any action " 'on this policy for the recovery of any claim.' " 27 Wn. App. at 873. Division One of this court found that the above language meant "claims compensable under the contract, not claims arising under an independent statute." *Id.* at 878. Because the CPA claims raised in *Simms* were not compensable under the contract, they were not subject to the one-year contractual limitation. *Id.*

¶20  Unlike the present case, however, *Simms* did not deal with an arbitration provision or review of an arbitrator's decision. As with the issue of the original arbitration provision's enforceability, the effect of the contractual time limit on the CPA claim was an issue submitted and argued to the arbitrator. The students affirmatively waived their right to have this issue resolved in the court system; consequently, they are bound by the arbitrator's decision. *Godfrey*, 142 Wn.2d at 897. "They cannot submit a dispute to arbitration only to see if it goes well for their position before invoking the courts' jurisdiction." *Id.*

¶21  As explained in *Godfrey*, "once an issue is submitted to arbitration, . . . Washington's [arbitration act] applies. That code of arbitration does not contemplate nonbinding arbitration." *Id.* at 894. None of the students' contentions on appeal meet the narrow statutory grounds for vacation under former RCW 7.04.160. Accordingly, we affirm the

trial court's denial of the motion to vacate the arbitration ruling.

## ATTORNEY FEES

¶22 In a separate section of its respondent's brief, Apollo requests attorney fees and costs for prevailing on appeal. It notes that the original enrollment agreements provided that the "prevailing party in the Arbitration shall be entitled to recover its attorneys' fees and costs in all phases of the proceeding." CP at 26, 28. The new arbitration agreement, however, provides that the arbitrator has authority to award "attorney fees and such other equitable relief as may to the arbitrator be just." CP at 33. The arbitrator did not award attorney fees in his order dismissing Ms. Adams's and Ms. Longie's complaints.

¶23 Attorney fees are awardable on appeal only if allowed by statute, rule, or contract. *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 535, 79 P.3d 1154 (2003). Before arbitration occurred here, the parties agreed to the provisions that would guide the proceedings. Under the terms of this arbitration agreement, the arbitrator has discretion to award attorney fees when "just." CP at 33. Ignoring the new arbitration agreement, Apollo seeks attorney fees as the prevailing party under the original arbitration provision. However, because the second agreement does not explicitly state whether or to what extent it operates to discharge or substitute the first, the two agreements are interpreted together. *Flower v. T.R.A. Indus., Inc.*, 127 Wn. App. 13, 29, 111 P.3d 1192 (2005), *review denied*, 156 Wn.2d 1030 (2006).[4] When two contracts are interpreted together, the later one prevails on terms that are inconsistent; all consistent terms of the first contract remain in force. *Id.*

¶24 Because the attorney fee provision in the new agreement conflicts with the old attorney fee provision, the new

---

[4] In fact, the new arbitration agreement refers to the original arbitration provision as providing the basis for arbitration and indicates that copies of the original provisions are attached.

564

provision prevails. *Id.* Nothing in the new agreement (or the old one, for that matter) specifically authorizes attorney fees on appeal of the arbitrator's decision. Only the arbitrator is vested with authority to award attorney fees in his or her discretion. Consequently, attorney fees are not awardable under the contract. *Malted Mousse*, 150 Wn.2d at 535.

¶25 Affirmed.

BROWN and KATO, JJ., concur.