Evan **WESTCOTT** and Inese Westcott, Plaintiff,

v.

**WELLS FARGO BANK, N.A., Defendant.**

**Case No. C12–0206–JCC.**

United States District Court, W.D. Washington, at Seattle.

April 20, 2012.

---

John A. Cochran, The Cochran Law Firm, Portland, OR, for Plaintiff.

Benjamin J. Roesch, Ronald E. Beard, Lane Powell PC, Seattle, WA, for Defendant.

## ORDER

JOHN C. COUGHENOUR, District Judge.

This matter comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim. (Dkt. No. 9.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and grants the motion for the reasons explained herein.

## I. BACKGROUND

This dispute arises out of a residential real estate transaction. Plaintiffs Evan and Inese Westcott purchased a condominium in Bellevue, WA, with a $644,000 loan from Defendant Wells Fargo Bank. They signed the promissory note for the loan and executed a deed of trust in favor of Wells Fargo on December 27, 2006. (Dkt. No. 2–1 at 3.)

According to the Complaint, Plaintiffs are now "having a hard time keeping up"

with the loan payments. (*Id.*) They arranged for a loan audit of the December 2006 transaction, which they say revealed violations of various federal statutes and indicated predatory lending. (*Id.* at 4–5.) Plaintiffs initiated this lawsuit on January 23, 2012 in King County Superior Court, asserting eleven claims: (1) violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*; (2) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*; (3) "predatory lending violations"; (4) promissory estoppel, detrimental reliance, and unjust enrichment; (5) fraud; (6) breach of the implied covenant of good faith and fair dealing; (7) violation of the Consumer Protection Act, RCW 19.86.093; (8) breach of fiduciary duty; (9) unconscionability; (10) predatory lending; and (11) rescission. Wells Fargo moves to dismiss all claims on various grounds pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Although Rule 12(b)(6) does not require courts to assess the probability that a plaintiff will eventually prevail, the allegations made in the complaint must cross the line between possibility and plausibility of entitlement to relief. *Id.* Thus, in reviewing Wells Fargo's motion, the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences from those facts in favor of Plaintiff. *See Al–Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir.2009). The same deference, however, is not extended to legal conclusions or "mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949–50. Where claims are dismissed un-

der Rule 12(b)(6), "a district court should grant leave to amend ... unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000). In other words, leave to amend need not be granted if amendment would be futile. *Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir.2002).

In considering a motion to dismiss under Rule 12(b)(6), a court may look beyond the complaint to matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Shaw v. Hahn,* 56 F.3d 1128, 1129 n. 1 (9th Cir.1995). A court may also consider documents whose authenticity is not contested and on which "the plaintiff's complaint necessarily relies." *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir.2001). Here, Plaintiffs do not contest the authenticity of the two documents offered in support of Wells Fargo's motion. The deed of trust is a publicly recorded document, and the Initial Interest Note is at the crux of Plaintiffs' claims. The Court therefore considers these documents in ruling on the motion to dismiss.

### A. Truth in Lending Act violations

Plaintiffs allege multiple violations of the Truth in Lending Act (TILA), including inadequate disclosures and other discrepancies in their loan documentation. (Dkt. No. 2–1 at 5.) Wells Fargo moves to dismiss the TILA claim as time-barred.

Any action for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The violations alleged in the Complaint all occurred at the closing of Plaintiffs' loan, which the parties agree was on December 27, 2006. *See Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir.2003) ("The failure to

make the required disclosures occurred, if at all, at the time the loan documents were signed."). Plaintiffs filed this action in King County Superior Court on January 23, 2012, well beyond the expiration of the statute of limitations.

■■■ Plaintiffs argue that the statute of limitations should be tolled because they did not learn of the alleged violations until August 2011, when they contracted for an audit of their loan transaction. Equitable tolling may operate to suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiffs, however, offer no reason why they could not have discovered the basis for their TILA claim within the limitations period, and allowing equitable tolling simply because a loan audit had not been performed would obviate the statute of limitations. *See Santos v. U.S. Bank N.A.*, 716 F.Supp.2d 970, 977–78 (E.D.Cal. 2010) (declining to institute a new rule whereby consulting with an attorney would become "the touchstone upon which tolling of the statute of limitations may be granted"). Plaintiffs' TILA claim for damages is time-barred and therefore dismissed without leave to amend.

**B. Real Estate Settlement Procedures Act violations**

■■■ Plaintiffs' claim under the Real Estate Settlement Procedures Act (RESPA) parallels their TILA claim. They allege failures to disclose terms or provide required information, all occurring on the December 27, 2006 closing date, and state that Wells Fargo's actions were "deceptive, fraudulent and self-serving." (Dkt. No. 2–1 at 9.) Wells Fargo argues that the RESPA claim is also time-barred.

RESPA sets forth one- and three-year statutes of limitations, depending on the statutory provisions under which the alleged violations occur. *See* 12 U.S.C. § 2614. Plaintiffs filed this suit more than five years after the closing of their loan, and their RESPA claim is therefore untimely. Plaintiffs again assert that equitable tolling should apply, but they offer no argument beyond that in support of their TILA claim. As Plaintiffs have advanced no basis for equitable tolling, their RESPA claim is dismissed without leave to amend.

**C. Predatory lending violations**

■ As their third claim for relief, Plaintiffs cite nine "Predatory Lending Indicators" that they say establish that the terms of their loan were predatory. (Dkt. No. 2–1 at 10–11.) Plaintiffs, however, cite no authority in support of "predatory lending" as a claim for relief, and the fact that lending practices are subject to Washington and federal law does not establish predatory lending as an independent cause of action. Plaintiffs' claim for predatory lending is therefore dismissed without leave to amend.

**D. Promissory estoppel, detrimental reliance, and unjust enrichment**

■■■ It is unclear from the Complaint what cause of action Plaintiffs seek to plead in their fourth claim for relief. Regardless, none of the equitable doctrines Plaintiffs identify therein offers viable relief as pled. Promissory estoppel does not apply where a contract governs. *Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wash.2d 255, 261 n. 4, 616 P.2d 644 (1980). The same is true for unjust enrichment: a party cannot bring an action for implied contract or quasi-contract where a valid written agreement covers the parties' dispute. *Chandler v. Wash. Toll Bridge Auth.*, 17 Wash.2d 591, 600, 137 P.2d 97

(1943); *Wash. Ass'n of Child Care Agencies v. Thompson,* 34 Wash.App. 235, 238, 660 P.2d 1129 (1983). Detrimental reliance is simply an element of the doctrine of equitable estoppel, which is a defense, not a cause of action for damages. *Kramarevcky v. Dept. of Soc. & Health Services,* 122 Wash.2d 738, 747, 863 P.2d 535 (Wash.1993); *Klinke,* 94 Wash.2d at 259, 616 P.2d 644.

▆ All of the conduct alleged in Plaintiffs' fourth claim was covered by the terms of the contract between the parties. Plaintiffs therefore have not stated a valid claim for the equitable relief they seek in their fourth claim, which is dismissed with leave to amend.

### E. Fraud

Plaintiffs allege that Wells Fargo defrauded them by approving them for the loan without consideration of their ability to make full payments each month. (Dkt. No. 2–1 at 13.) They also allege that Wells Fargo failed to perform proper due diligence before making the loan and used the gross income from Plaintiffs' business, as opposed to their personal income, as the basis for their ability to pay. (*Id.*) Finally, Plaintiffs allege that Wells Fargo "failed to disclose the unconscionably high loan broker fee," "falsely represented the loan amount and/or claimed to offer a market interest rate," and "misrepresented certain loan terms at closing." (*Id.* at 14.) Wells Fargo moves to dismiss Plaintiffs' fraud claim on two grounds: (1) failure to plead the requisite elements of fraud, and (2) preemption.

▆ Nine elements comprise a fraud claim under Washington law:

(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by

the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

*Stiley v. Block,* 130 Wash.2d 486, 505, 925 P.2d 194 (1996). The Federal Rules of Civil Procedure require a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R.Civ.P. 9(b).

▆ The Court agrees with Wells Fargo that Plaintiffs have not properly pled a claim for fraud. Most of the allegations in support of the fraud claim involve the failure to disclose information or properly assess Plaintiffs' ability to pay under the loan. Those allegations do not entail representations of existing facts. Plaintiffs do allege that Wells Fargo "falsely represented the loan amount and/or claimed to offer a market interest rate," but as Wells Fargo notes, the loan amount and interest rate are conspicuously listed on the Initial Interest Note, which Plaintiff Evan Westcott signed. (Dkt. No. 11–2 at 2–5.) Plaintiffs do not allege that either the loan amount or interest rate identified on the Initial Interest Note was incorrect, or that Wells Fargo in fact charged them a higher interest rate. Moreover, "as a general rule, a party has no right to rely on an oral representation that contradicts unequivocal written evidence that demonstrates the falsity of the alleged representation." *Cornerstone Equip. Leasing, Inc. v. MacLeod,* 159 Wash.App. 899, 905, 247 P.3d 790 (2011). Thus, Plaintiffs' allegation regarding the loan amount or interest rate does not support a claim for fraud. Likewise, Plaintiffs' vague allegation that Wells Fargo "misrepresented certain loan terms at closing" does not meet the pleading standard set forth in Rule 9(b).

Plaintiffs have failed to plead with particularity any conduct that would consti-

tute fraud under Washington law, and the Court therefore dismisses their fraud claim with leave to amend. As the Court grants Wells Fargo's motion to dismiss the fraud claim, it does not reach Wells Fargo's alternative argument that the fraud claim is preempted.

### F. Breach of the implied covenant of good faith and fair dealing

Plaintiffs allege that Wells Fargo breached the implied covenant of good faith and fair dealing by willfully withholding disclosures and notices, failing to explain the structure of the loan, and placing Plaintiffs in a loan for which they were not qualified. (Dkt. No. 2–1 at 16.) Wells Fargo argues that this claim is wholly derivative of Plaintiffs' TILA claim and should be dismissed on that basis. Wells Fargo further contends that Plaintiffs have not alleged conduct related to the performance of their contract with Wells Fargo, as is necessary to plead a valid claim for breach of the implied covenant of good faith and fair dealing.

The Court is not convinced that this claim is necessarily derivative of Plaintiffs' TILA claim. Wells Fargo cites *Mashburn v. Wells Fargo Bank* in arguing that Plaintiffs' state-law claims depend on the viability of their TILA claim. But the state-law claims in *Mashburn* hinged on the allegation that Wells Fargo had wrongfully rejected the plaintiffs' request to rescind the loan. 2011 WL 2940363 at *4 (W.D.Wash.2011). As the rescission claim was time-barred, the state-law claims necessarily failed. *Id.* Here, Plaintiffs' claim for breach of the implied covenant does not appear similarly contingent on the TILA claim, and dismissal of the TILA claim does not mandate dismissal of this claim.

Wells Fargo's second argument, however, has more merit. The duty of good faith and fair dealing "exists only in relation to performance of a specific contract term," obligating the parties to cooperate so that each may obtain the full benefit of the bargain. *Badgett v. Sec. State Bank,* 116 Wash.2d 563, 569–70, 807 P.2d 356 (1991). Here, there is no dispute that Plaintiffs received the benefit of their bargain when they received the loan proceeds from Wells Fargo for the purchase of their condominium. *See id.* at 570, 807 P.2d 356. Their allegations relate to Wells Fargo's conduct prior to the formation of a contract between the parties, not to any deficiency in Wells Fargo's performance of its contract obligations. Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is therefore dismissed with leave to amend.

### G. Consumer Protection Act violations

Plaintiffs allege that Wells Fargo violated Washington's Consumer Protection Act (CPA), RCW 19.86.093, by failing to utilize a "diligent underwriting process" for their loan and by failing to properly disclose the "Interest Only teaser rate component" of the loan. (Dkt. No. 2–1 at 17.) Wells Fargo moves to dismiss the CPA claim as untimely and inadequately pled.

Actions under the Consumer Protection Act are subject to a four-year statute of limitations. RCW 19.86.120. Plaintiffs' CPA claim accrued on or before December 27, 2006, when the loan transaction closed. Plaintiffs did not initiate this action within four years of that date. As with the TILA and RESPA claims, Plaintiffs have offered no basis for the application of the discovery rule. *See generally In re Estates of Hibbard,* 118 Wash.2d 737, 745–50, 826 P.2d 690 (1992). Their CPA claim is therefore dismissed without leave to amend.

### H. Breach of fiduciary duty

■ Plaintiffs allege that Wells Fargo breached a fiduciary duty it owed to Plaintiffs "by failing to advise or notify Plaintiff ... that Plaintiff would have a likelihood of defaulting on the loan." (Dkt. No. 2–1 at 17–18.) This is a curious allegation, in that Plaintiffs state in their Complaint that they have not yet defaulted on their loan. Plaintiffs further allege that the terms of the loan "led to a maximization of profits for the Defendant, with no concern for the Plaintiff." (*Id.* at 18.) Finally, Plaintiffs allege that Wells Fargo's failure to comply with TILA and RESPA constituted violations of a fiduciary responsibility Wells Fargo owed to Plaintiffs.

■ The parties agree that under Washington law, "a lender is not a fiduciary of its borrower; a special relationship must develop between a lender and a borrower before a fiduciary duty exists." *Miller v. U.S. Bank of Wash., N.A.*, 72 Wash.App. 416, 426–27, 865 P.2d 536 (1994). Plaintiffs contend that Wells Fargo assisted them "in obtaining and applying to obtain this residential mortgage loan and held themselves out to be able to do the same," thereby giving rise to a special relationship. (Dkt. No. 12 at 16.) But these actions reflect nothing more than the typical conduct of a lender transacting business with a borrower. That Wells Fargo "did indeed qualify [Plaintiffs] for this loan and did indeed take the application from Mr. Westcott" (*id.*) is entirely unremarkable and in no way indicative of a special relationship. Plaintiffs' citation to RCW 19.144.080, which sets forth certain practices by mortgage brokers or lenders as unlawful, is similarly unavailing. That statute makes no mention of any fiduciary duty owed to borrowers.

Plaintiffs have failed to allege any facts that would support the existence of a special relationship with Wells Fargo. Moreover, as Plaintiffs' TILA and RESPA claims are dismissed, any violations of those statutes cannot serve as a basis for a claim of breach of fiduciary duty. Plaintiffs' claim for breach of fiduciary duty is dismissed with leave to amend.

### I. Unconscionability

Plaintiffs claim that their loan agreement with Wells Fargo was unconscionable "based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendant was required to follow," along with the "windfall that the Defendant reaped financially" from the transaction. (Dkt. No. 2–1 at 19.) Plaintiffs seek restitution as a remedy.[1]

1. Wells Fargo argues that unconscionability is a contract defense, not an independent claim for relief. This argument appears to have some merit, although Washington law on this issue is unclear. As typically understood, unconscionability is a doctrine under which a court may decline to enforce a contract term that is unfair, oppressive, or abusive. *See* 25 Wash. Practice Series, Contract Law and Practice § 9:2 (2011). Without explicitly addressing whether unconscionability constitutes an independent cause of action, Washington courts have frequently construed the doctrine as a defense. *See, e.g., McKee v. AT & T Corp.*, 164 Wash.2d 372, 396, 191 P.3d 845 (2008) (listing unconscionability among "generally applicable contract defenses"); *Zuver v. Airtouch Communications, Inc.*, 153 Wash.2d 293, 303, 103 P.3d 753 (2004) (same); *Beroth v. Apollo Coll., Inc.*, 135 Wash. App. 551, 561, 145 P.3d 386 (2006) (construing unconscionability as an affirmative defense that can be waived); *but see Johnson v. Cash Store*, 116 Wash.App. 833, 842, 68 P.3d 1099 (2003) (affirming default judgment on cause of action for unconscionability). Regardless of this authority, Plaintiffs have not alleged that Wells Fargo is attempting to enforce an unconscionable contract term, and their claim for unconscionability fails on that basis.

Whether an agreement is unconscionable is a question of law for the court. *McKee*, 164 Wash.2d at 396, 191 P.3d 845. Washington law recognizes two variants of unconscionability: substantive and procedural. Substantive unconscionability, which may arise where a clause or term in the contract is one-sided or overly harsh, is sufficient of itself to support a finding of unconscionability. *Id.; Adler v. Fred Lind Manor*, 153 Wash.2d 331, 346–47, 103 P.3d 773 (2004). Such harshness, according to the Washington Supreme Court, "must truly stand out," and might be labeled "shocking to the conscience," "monstrously harsh," or "exceedingly calloused." *Torgerson v. One Lincoln Tower, LLC*, 166 Wash.2d 510, 519, 210 P.3d 318 (2009). Procedural unconscionability, on the other hand, may arise where the bargaining process was unfair and the party lacked a meaningful choice in entering into the contract. *Zuver*, 153 Wash.2d at 304–07, 103 P.3d 753. Relevant to such an inquiry are the manner in which the contract was concluded, whether each party had a reasonable opportunity to understand the terms of the contract, and whether important terms were hidden in fine print. *Torgerson*, 166 Wash.2d at 518–19, 210 P.3d 318; *Zuver*, 153 Wash.2d at 303, 103 P.3d 753.

Plaintiffs have not established a basis for a finding of unconscionability. They identify no term of the contract that could be labeled substantively unconscionable. Indeed, the fixed annual interest rate of 6.875% that is set forth clearly on the first page of the Initial Interest Note is not unusual, let alone shocking to the conscience. Although the payment plan calls for interest-only payments for the first fifteen years of the loan, that arrangement is explained in plain language on the first page of the Note, which also states that Plaintiffs will not be penalized for making additional payments on the principal during that time. (Dkt. No. 11–2 at 2.)

Nor do Plaintiffs allege any grounds for procedural unconscionability. Their unadorned allegation of an "unfair bargaining position" is at odds with the reality of a competitive mortgage lending marketplace, in which borrowers may choose from among various lenders. Plaintiffs, of course, were under no obligation to execute a contract with Wells Fargo and were free to negotiate or refuse any terms they found unacceptable. The Note itself, while dense, is written clearly and is hardly more than two pages long.

Plaintiffs' conclusory allegations simply do not support a conclusion that any terms of their contract with Wells Fargo were unconscionable, and the Court therefore grants Wells Fargo's motion to dismiss this claim. Nevertheless, leave to amend is warranted to allow Plaintiffs an opportunity to supplement their allegations.

**J. Predatory lending**

Plaintiffs reassert predatory lending as their tenth claim for relief. For the reasons stated above, the Court concludes that Plaintiffs have failed to state a claim for predatory lending, and this claim is likewise dismissed without leave to amend.

**K. Rescission**

In their Complaint, Plaintiffs seek rescission on three grounds: TILA violations, fraudulent concealment, and public policy. (Dkt. No. 2–1 at 21.) None provides a basis for rescission of their contract.

A borrower normally may rescind a loan subject to TILA within three days of the consummation of the transaction. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). However, if a lender has failed to provide required notices of a bor-

rower's right to cancel the transaction, the borrower has three years to exercise the right to rescind. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). The Ninth Circuit has emphasized that "15 U.S.C. § 1635(f) is a three-year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan." *McOmie–Gray v. Bank of Am. Home Loans,* 667 F.3d 1325, 1326 (9th Cir.2012). Here, Plaintiffs do not specifically allege that Wells Fargo failed to provide notice of their right to cancel. Regardless, the three-year statute of repose for rescission under TILA is long expired.

Plaintiffs do not respond to Wells Fargo's argument that fraudulent concealment and public policy offer no basis for rescission, and the Court considers those grounds abandoned. Plaintiffs' claim for rescission is therefore dismissed without leave to amend.

## III. CONCLUSION

For the foregoing reasons, Defendant Wells Fargo's motion to dismiss for failure to state a claim (Dkt. No. 9) is GRANTED. Plaintiffs' claims under TILA, RESPA, and the Consumer Protection Act are dismissed without leave to amend, as are the claims for predatory lending and rescission. Plaintiffs' claims for promissory estoppel or unjust enrichment, fraud, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and unconscionability are dismissed with leave to amend.