**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHERYL WARD, FKA Cheryl White; RONALD MILLSAPS; WAYNE MILLSAPS; STEVEN MILLSAPS, | No. 13-35628 |
| Plaintiffs-counter-defendants - Appellants, | D.C. No. 3:13-cv-05092- RBL |
| v. | MEMORANDUM[*] |
| STONEBRIDGE LIFE INSURANCE COMPANY, | |
| Defendant-counter-claimant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 1, 2015[**]
Seattle, Washington

Before:     O'SCANNLAIN, TASHIMA, and McKEOWN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Plaintiffs appeal from the district court's dismissal of their complaint arising from defendant Stonebridge Life Insurance Company's ("Stonebridge's") denial of their insurance claims. Although Plaintiffs' complaint alleged both tort and contract claims, on appeal, Plaintiffs challenge only the district court's conclusion that their breach-of-contract claims were time-barred under the insurance policies' suit limitation provisions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court correctly determined that the suit limitation provisions contained in the insurance polices were valid under Washington law. Both policies contain specific provisions stating that any legal action for damages on the policy be brought at least 60 days after proof of loss is furnished, but no later than three years after the date that proof of loss is required to be given. Plaintiffs argue that these suit limitation provisions are void because they do not link the time within which to bring suit to the date a cause of action "accrues." In support of this argument, Plaintiffs rely on Wash. Rev. Code § 48.18.200, which provides, in relevant part:

> (1) No insurance contract delivered or issued for delivery in this state
> and covering subjects located, resident, or to be performed in this
> state, shall contain any condition, stipulation, or agreement
>
> . . .

2

(c) limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances other than property and marine and transportation insurances.  In contracts of property insurance, or of marine and transportation insurance, such limitation shall not be to a period of less than one year from the date of the loss.

(2) Any such condition, stipulation, or agreement in violation of this section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

The Washington legislature has specifically indicated, however, that provisions like those in Stonebridge's policies are valid.  Under Wash. Rev. Code § 48.20.142, all disability insurance policies in Washington must contain suit limitation provisions functionally identical to the provisions in the policies at issue here.  Under Plaintiffs' reading of § 48.18.200, the suit limitation provision required by  §  48.20.142 would be void.  When possible, it is our duty to construe statutes to avoid conflict and inconsistency.  *See Drakes Bay Oyster Co. v. Jewell,* 747 F.3d 1073, 1083 (9th Cir. 2014); *State v. Bash*, 925 P.2d 978, 981 (Wash. 1996) (en banc).  Thus, we reject Plaintiffs' argument that Wash. Rev. Code § 48.18.200 forbids suit limitation provisions that tie the time to sue to the date proof

of loss is required and conclude that the suit limitation provisions at issue here are valid under § 48.18.200.[1]

**2.**     Plaintiffs' complaint was untimely under the suit limitation provisions.  The policies require that proof of loss be given within fifteen months of the date of loss and that any legal action be initiated within three years after that.  Thus, even under the most generous reading of the policies, Plaintiffs were required to file suit within four years and three months after the insured's death.  Plaintiffs, however, did not file until four years and nine months after the insured's death, well beyond the time allotted.

Plaintiffs arguments to the contrary are meritless.  Washington law does not require Stonebridge to show it was prejudiced by Plaintiffs' untimely filing.  Rather, "a finding of prejudice is not required before an insurance company may rely on an insured's failure to bring suit within the contract limitation period." *Simms v. Allstate Ins. Co.*, 621 P.2d 155, 158 (Wash. Ct. App. 1980).  Moreover, there is nothing in the language of the policies suggesting that the parties somehow intended to create a prejudice requirement by contact.  To the contrary, the policies

---

[1]     Because we conclude that the suit limitation provisions do not violate Wash. Rev. Code § 48.18.200(1)(c), we need not – and do not – address whether either of the policies constitutes "disability insurance" for the purposes of Wash. Rev. Code § 48.20.142.

plainly require that any action be brought, at the absolute latest, within four years and three months of the loss.  Plaintiffs simply filed too late.

• ● •

The judgment of the district court is

**AFFIRMED.**