[No. 43487. En Banc. May 22, 1975.]

OREGON AUTOMOBILE INSURANCE COMPANY, *Respondent,* v. HARVEY SALZBERG, *Defendant,* RALPH J. SIMPSON, *Petitioner.*

*Philip L. Burton*, for petitioner.

*David H. Olwell*, for respondent.

*Daniel F. Sullivan, Leon L. Wolfstone*, and *Gregg L. Tinker*, amicus curiae, on behalf of Washington State Trial Lawyers Association.

FINLEY, J.—This is a declaratory judgment action instituted by respondent Oregon Automobile Insurance Company to secure relief from responsibility under an automobile insurance policy issued by it to its insured. Respondent's insured is Harvey Salzberg who is a defendant in a tort action for damages brought by Ralph Simpson. The tort action has been stayed pending disposition of the instant declaratory judgment action. The trial court granted a summary judgment in favor of respondent, ruling that the insured had breached the cooperation clause, thereby relieving the insurer of any duty to defend Salzberg against Simpson's claim or to pay any judgment entered thereon. The Court of Appeals affirmed. We reverse and remand for proceedings in the trial court consistent with views expressed herein.

On May 11, 1970, Simpson was a passenger in an automobile driven by Salzberg and was injured when the vehicle left the road. Salzberg apparently became concerned about the possibility of losing his driver's license and automobile insurance policy because of the accident. Therefore, he falsely filed a stolen car report with the sheriff's office and similarly falsely notified his insurer that the vehicle had been stolen. Simpson has denied any knowledge of the filing of these false reports. The wrecked car was later discovered and the insurance company paid Salzberg $1,280 on the stolen car claim. In August 1970, Simpson's attorney

notified the insurance company that a claim for personal injuries was being made against Salzberg arising out of the accident. On September 2, 1970, Salzberg admitted to the insurance company that his earlier claim had been false and he then gave a complete statement of the circumstances surrounding the accident.

The essential issue for our determination is: under what circumstances may an insurance company be relieved of liability and the duty to defend an insured for an alleged breach by the insured of a cooperation clause in the insurance policy. As pertinent to, and controlling this issue, the trial court and the Court of Appeals considered two clauses in the insurance policy. The insurance policy itself is not in the record, and its provisions have accordingly been extracted from the briefs. What is commonly referred to as a "cooperation clause" provides in part.

> "*Assistance and Cooperation of the Insured* The insured *shall cooperate* with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of bodily [*sic*], property damage or loss with respect to which insurance is afforded under this policy. . . ."

(Italics ours.) Respondent's brief at 2. In what is apparently a separate section of the insurance policy, the "no action" clause provides:

> "No action shall lie against the Company unless, as a *condition precedent* thereto, the insured shall have fully complied with all the terms of this policy nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company."

(Italics ours.) Respondent's brief at 2.

The Court of Appeals, and apparently the trial court, construed these two provisions together and concluded that cooperation by the insured was a condition precedent to

any liability of the insurer and to its duty to defend the insured.

Prior Washington cases on the subject of cooperation and notice of occurrence clauses are not totally harmonious but, in general, they appear to distinguish between policies in which the insured's cooperation is an express condition precedent and policies in which cooperation is covenanted but is not made an express condition precedent. If cooperation is not made an express condition precedent, then before the insurer may be relieved of its responsibilities under the policy, our cases have usually required, either expressly or implicitly, that the insurer demonstrate *not only a substantial and material breach* by the insured, but also that the company *has incurred prejudice* by the insured's failure to cooperate. *See, e.g., Shirley v. American Auto. Ins. Co.*, 163 Wash. 136, 300 P. 155 (1931); *Taxicab Motor Co. v. Pacific Coast Cas. Co.*, 73 Wash. 631, 132 P. 393 (1913); *McGillicuddy v. New Brunswick Fire Ins. Co.*, 126 Wash. 201, 217 P. 1000 (1923); *Lienhard v. Northwestern Mut. Fire Ass'n*, 187 Wash. 47, 59 P.2d 916 (1936).

On the other hand, if the policy expressly makes the cooperation or notice of occurrence clause an express condition precedent to the insurer's liability and its duty to defend, then a somewhat different analysis generally has ensued. For the insurer to relieve itself of its responsibilities under the policy, the cases have not required the insurer to show that it has been prejudiced by the insured's actions. Rather, the insurer has been required to demonstrate only that the insured's activities constituted a *substantial and material breach* of the cooperation or notice of occurrence clause. *See, e.g., Sears, Roebuck & Co. v. Hartford Accident & Indem. Co.*, 50 Wn.2d 443, 313 P.2d 347 (1957); *Van Dyke v. White*, 55 Wn.2d 601, 349 P.2d 430 (1960); *Shafer v. United States Cas. Co.*, 90 Wash. 687, 156 P. 861 (1916); *Eakle v. Hayes*, 185 Wash. 520, 55 P.2d 1072 (1936)[1]

---

[1] For other Washington cases on the subject of cooperation clauses but in which the precise theoretical underpinning of the court's result

The Court of Appeals and the trial court relied upon this latter grouping of cases in ruling as a matter of law that Salzberg breached the cooperation clause, thereby releasing respondent Oregon Automobile Insurance Company from any liability and its duty to defend Salzberg irrespective of whether the company suffered prejudice.

It appears that the majority of courts now discard distinctions between insurance policies that purport to make cooperation a condition precedent and insurance policies in which cooperation is only a covenant. The decisions of a majority of courts now simply require that the insurer demonstrate that it was prejudiced by the insured's actions before the cooperation clause will be considered breached so as to relieve the insurer from its obligations under the policy. *See, e.g., Campbell v. Allstate Ins. Co.*, 60 Cal. 2d 303, 384 P.2d 155, 32 Cal. Rptr. 827 (1963); *Kennedy v. Dashner*, 319 Mich. 491, 30 N.W.2d 46 (1947); *Leach v. Farmer's Auto. Interinsurance Exch.*, 70 Idaho 156, 213 P.2d 920 (1950). *See also Note*, 68 Harv. L. Rev. 1436, 1437 (1955); Pretzel, *What Price Cooperation*, 1966 Ins. L.J. 325, 328-29.

In like manner, we deem it no longer appropriate to adhere to the view that the release of an insurer from its obligations without a showing of prejudice to it should depend upon the legalistic conundrum of whether the cooperation clause is an express condition precedent or only a covenant. Such an approach places an undue emphasis on traditional, technical contract principles and their dubious application in cases of this nature. In addition, insurance policies, in fact, are simply unlike traditional contracts, *i.e.*, they are not purely private affairs but abound with public policy considerations, one of which is that the risk-spreading theory of such policies should operate to afford to affected members of the public—frequently innocent third persons—the maximum protection possible consonant with

is less clear, *see Hilliard v. United Pac. Cas. Ins. Co.*, 195 Wash. 478, 81 P.2d 513 (1938); *Koontz v. General Cas. Co. of America*, 162 Wash. 77, 297 P. 1081 (1931).

fairness to the insurer. *Cf. Touchette v. Northwestern Mut. Ins. Co.*, 80 Wn.2d 327, 494 P.2d 479 (1972). It is manifest that this public policy consideration would be diminished, discounted, or denied if the insurer were relieved of its responsibilities although it is not prejudiced by the insured's actions or conduct in regard to its investigation or presentation and defense of the tort case. Such relief, absent a showing of prejudice, would be tantamount to a questionable windfall for the insurer at the expense of the public.

For the foregoing reasons, we are convinced that sound public policy requires that an alleged breach of a cooperation clause may be considered substantial and material, and may effect a release of an insurer from its responsibilities *only* if the insurer was actually *prejudiced* by the insured's actions or conduct. The requirement of a showing of prejudice would pertain irrespective of whether the cooperation clause could be said to be a covenant or an express condition precedent and, in this regard, the burden of proof is upon the insurer. *See Campbell v. Allstate Ins. Co., supra.*

Finally, it should be noted that an alleged breach of a cooperation clause is generally a question for the trier of fact, unless, of course, there exists no genuine issue as to any material fact by virtue of the pleadings, affidavits, et cetera. *Standard Acc. Ins. Co. v. Winget*, 197 F.2d 97, 34 A.L.R.2d 250 (9th Cir. 1952). In the instant case, respondent alleged that it incurred prejudice by Salzberg's actions, but there is nothing in the record supportive of this contention. Therefore, we have concluded the summary judgment was improvidently granted, and that the case should be reversed and remanded for proceedings in accordance with the views expressed herein.

It is so ordered.

ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

STAFFORD, C.J., concurs in the result.