[No. 2288–3.   Division Three.   July 13, 1977.]

Robert F. Pulse, et al, *Appellants,* v. Northwest Farm Bureau Insurance Company, *Respondent.*

*Ross R. Rakow,* for appellants.

*Joel E. Smith* and *Gavin, Robinson, Kendrick, Redman & Mays,* for respondent.

Munson, C.J.—Plaintiffs appeal from an order granting defendant's motion for summary judgment. There are times when appellate court opinions create lawsuits; this may be one such instance.

According to a stipulated factual statement on appeal, the plaintiffs were sued after their cattle broke through the neighbors' fence and damaged the neighbors' miniature golf course. The plaintiffs, represented by their own counsel,

defended. The matter was tried to the court, which rendered an oral opinion granting the neighbors damages in the amount of $2,953.79. Negotiations thereafter resulted in entry of a judgment on stipulation for $2,653.79.

Thereafter, the Pulses learned that this claim was covered by their "Country Squire" insurance policy and sought to have the insurer pay the judgment.

Section 2 of the defendant's farmers and ranchers comprehensive liability insurance policy, coverage G, states in part:

> This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such property damage, . . . but may make such investigation and settlement of any claim or suit as it deems expedient. . . .
>
> . . .
>
> CONDITIONS APPLICABLE ONLY TO SECTION II
> A. Notice of Occurrence
>     When an accident or occurrence takes place, *written notice* shall be given by or on behalf of the Insured to the Company *as soon as practicable,* but in *no event to exceed 60 days.* Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses. *If* claim is made or *suit is brought* against the Insured, the *Insured shall immediately forward* to the Company *every demand, notice, summons,* or other process received by him or his representative.
> E. Action Against Company
>     *No action shall lie* against the Company *unless* as a condition precedent hereto, *there shall have been full compliance with all the terms of Section II,* . . .

(Italics ours.)

The insurer's motion for summary judgment, based upon plaintiffs' failure to give notice and their violation of the cooperation clause, was granted. Plaintiffs appeal.

■ In *Oregon Auto. Ins. Co. v. Salzberg,* 85 Wn.2d 372, 376–77, 535 P.2d 816 (1975), the court discarded any distinctions between insurance policies purporting to make

cooperation a condition precedent and those in which cooperation is only a covenant. The court stated:

> The decisions of a majority of courts now simply require that the insurer demonstrate that it was prejudiced by the insured's actions before the cooperation clause will be considered breached so as to relieve the insurer from its obligations under the policy. . . .
>
> In like manner, we deem it no longer appropriate to adhere to the view that the release of an insurer from its obligations without a showing of prejudice to it should depend upon the legalistic conundrum of whether the cooperation clause is an express condition precedent or only a covenant. Such an approach places an undue emphasis on traditional, technical contract principles and their dubious application in cases of this nature. . . .
>
> For the foregoing reasons, we are convinced that sound public policy requires that an alleged breach of a cooperation clause may be considered substantial and material, and may effect a release of an insurer from its responsibilities *only* if the insurer was actually *prejudiced* by the insured's actions or conduct.

(Citations omitted.).

Here, the insurer has difficulty showing any prejudice after the fact. It concedes it is highly questionable whether they could have been more persuasive than the plaintiffs' counsel in keeping the amount of the damages down. At best, it would have chosen different counsel, would have demanded a jury, and may or may not have chosen a different judge to preside over the trial.

In *Transamerica Ins. Group v. Chubb & Son, Inc.,* 16 Wn. App. 247, 251, 554 P.2d 1080 (1976), the insurer had handled the defense for 10 months and then disclaimed liability. The court had no difficulty finding prejudice as a matter of law in favor of the insured, but found a question of fact as to other insurance carriers. Here, as far as the insured is concerned, we have the reverse situation, *i.e.,* the insured has carried the burden through judgment and now seeks to have the insurer pay. The question is whether prejudice is a question of law, or whether it is a genuine issue of material fact.

62

In *Sears, Roebuck & Co. v. Hartford Accident & Indem. Co.*, 50 Wn.2d 443, 313 P.2d 347 (1957), the court found, under similar facts, that the insurer was prejudiced as a matter of law. The insurer relies heavily upon *Sears*, whereas the insured contends that it has been overruled by *Salzberg*.

As we understand *Salzberg*, prejudice will be presumed only in extreme cases and is, in fact, an issue upon which one claiming prejudice has the affirmative burden of proof. It may well be that the insurer here is unable to meet that burden, but when the court in *Oregon Auto. Ins. Co. v. Salzberg, supra* at 376, stated that it is up to the "insurer [to] demonstrate that it was prejudiced by the insured's actions before the cooperation clause will be considered breached", that issue requires a factual determination.

Motion for summary judgment is reversed and the matter remanded for trial on the merits.

GREEN and MCINTURFF, JJ., concur.

Reconsideration denied July 26, 1977.

Review denied by Supreme Court December 16, 1977.