[No. 2124–3.   Division Three.   January 31, 1978.]

WASHINGTON INSURANCE GUARANTY ASSOCIATION, *Plaintiff*, v. HAROLD HILL, ET AL, *Appellants*, DAIRYLAND INSURANCE CO., *Respondent*.

*Warren L. Dewar, Jr.,* and *Velikanje, Moore & Shore,* for appellants.

*J. W. McArdle, Alan Campbell,* and *McArdle, Dohn, Talbott & Campbell,* for respondent.

McInturff, J.—Harold Hill appeals from a summary judgment entered in favor of Dairyland Insurance Co. in an action involving automobile liability policies issued by the company. Two issues are presented: (1) whether the insurance policies extended uninsured motorist coverage to Mr. Hill despite his failure to give notice of an accident within the time required by the policies; and (2) whether the policies' exclusions of uninsured motorist coverage from an insured while occupying a vehicle owned by himself, but not insured under the policies, is void for public policy reasons. The court answered both questions in favor of the insurer. We reverse and remand.

Mr. Hill was a resident in the household of his father–in–law who was the named insured under three separate automobile liability insurance policies issued by Dairyland Insurance Co. Each policy contained the same uninsured motorist coverage for relatives who were residents of the same household of the named insured.

Mr. Hill, as a passenger in a vehicle owned by him but driven by his brother, was seriously injured in an attempt to avoid a "phantom" hit–and–run vehicle. There was no physical impact between the autos. The insurance policies required that, within 30 days of the accident, a claimant in

a hit–and–run accident file a statement under oath that he has a cause of action arising out of the accident for damages against a person or persons whose identity is unascertainable and setting forth the supporting facts.

■ This court recently considered an insurance policy provision which precluded liability unless the insurer was given notice of the accident or occurrence within 60 days afterward. *Pulse v. Northwest Farm Bureau Ins. Co.,* 18 Wn. App. 59, 61, 566 P.2d 577, *review denied,* 89 Wn.2d 1011 (1977). There we held that the breach of such a provision is a defense only if the insurer is prejudiced, and prejudice is a question of fact. We relied on *Oregon Auto. Ins. Co. v. Salzberg,* 85 Wn.2d 372, 377, 535 P.2d 816 (1975):

> For the foregoing reasons, we are convinced that sound public policy requires that an alleged breach of a cooperation clause may be considered substantial and material, and may effect a release of an insurer from its responsibilities *only* if the insurer was actually *prejudiced* by the insured's actions or conduct.

On the basis of *Pulse,* then, we reverse and remand for a hearing to determine whether this insurer has been actually prejudiced by the failure of the insured to file the appropriate statement within 30 days.

Since on remand the trial court is likely to be confronted with the question regarding the policies' exclusionary provisions as regards uninsured motorist protection, we next consider that issue.

We note that although Mr. Hill personally declined uninsured motorist coverage on his policy, he is nonetheless an insured under the Dairyland policies which provide that an insured under the uninsured motorist endorsement is

> (1) *the named insured as stated in the policy and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;* provided, if the named insured as stated in the policy is other than an individual or husband and wife who are residents of the same household, the named insured for

the purposes of this endorsement shall be only a person so designated in the schedule;

(Italics ours.) The court found Mr. Hill excluded from coverage in this instance by exclusion (a) which provides:

> *This endorsement does not apply:*
> (a) *to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a resident of his household,* or through being struck by such an automobile;

(Italics ours.)

■ Our Supreme Court in *Federated Am. Ins. Co. v. Raynes,* 88 Wn.2d 439, 441 n.1, 563 P.2d 815 (1977),[1] recently considered the validity of a similar uninsured motorist exclusion which read:

> "*This endorsement does not apply:*
> " . . .
> "(b) *to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household,* or through being struck by such an automobile, but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relatives."

(Italics ours.)

The court said of that provision, at page 444:

> *Touchette* [*Touchette v. Northwestern Mut. Ins. Co.,* 80 Wn.2d 327, 494 P.2d 479 (1972)] and *Miller* [*Farmers Ins. Co. v. Miller,* 87 Wn.2d 70, 549 P.2d 9 (1976)] stand for the proposition that the parties may agree to a narrow definition of insured so long as that definition is applied consistently throughout the policy, *but once it is determined that a person is an insured under the policy,* that person is entitled to uninsured motorist coverage. Respondent is the named insured in FAI's policy. Exclusion (b) does not narrow the definition of insured so as to exclude respondent from being an insured under the policy. Rather, the exclusion merely excludes coverage when

---

[1]This case was decided after the trial court's decision.

the insured is injured in a certain situation, *i.e.,* occupying a car owned by him but not insured by FAI. This attempt to exclude coverage for an insured is impermissible under RCW 48.22.030.

(Italics ours.)

There is no difference between the exclusionary provision in Dairyland policies here and that considered invalid in *Federated American Insurance.* The effect of both provisions is to deny uninsured motorist coverage to an insured when he is occupying a vehicle owned by him but not insured by the company. This was held "impermissible."

The judgment of the Superior Court is reversed, and the case remanded for further proceedings consistent with this opinion.

MUNSON, C.J., and GREEN, J., concur.

Reconsideration denied February 28, 1978.

Review denied by Supreme Court July 21, 1978.