974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
Plaintiff-Appellant,
v.
AFFILIATED FM INSURANCE COMPANY, Defendant-Appellee.
 No. 91-36240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1992.*
Decided Sept. 4, 1992.
 
 Appeal from the United States District Court for the District of Alaska, No. CV-88-521-JKS; James K. Singleton, District Judge, Presiding.
 D.Alaska
 AFFIRMED AND REMANDED.
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 National Union Fire Insurance Co. ("NU") appeals from the district court's order granting summary judgment in favor of Affiliated FM Insurance Co. ("AFM"). NU sued AFM for indemnity and subrogation or equitable contribution for the amount of a settlement in a legal malpractice action against an attorney who was insured by both NU and AFM. NU failed to notify AFM of the action until six years after it commenced. The district court held that the delay prejudiced AFM and relieved AFM of its obligation. We affirm, but remand for calculation of post-judgment interest consistent with 28 U.S.C. § 1961(a).
 
 
 3
 The district court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Appellate jurisdiction is based on 28 U.S.C. § 1291.
 
 
 4
 A grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We apply the same standard as the district court would apply under Fed.R.Civ.P. 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986). Summary judgment is appropriate if the pleadings, depositions, interrogatories, and admissions, together with the affidavits, show that there is no genuine issue as to any material fact, and if the district court correctly applied the substantive law. The evidence should be viewed in the light most favorable to the nonmoving party. Tzung v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). No issue for trial exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 5
 NU contends that its failure to notify AFM until six years after the commencement of the underlying malpractice action did not cause prejudice to AFM. Under Alaska law, an insurer must demonstrate prejudice in order to be relieved of an obligation under a policy on the grounds that the insured delayed giving notice of a claim. Weaver Bros., Inc. v. Chappel, 684 P.2d 123, 125-26 (Alaska 1984) ("Weaver").
 
 
 6
 Proof of prejudice is generally a question of fact. Id. at 126 (quoting Pulse v. Northwest Farm Bureau Ins. Co., 566 P.2d 577, 579 (Wash.App.1977)). The insurer must do more than allege prejudice; it must introduce evidence in support of its claims. The Alaska Supreme Court has noted that where witnesses have died, or where memories have faded, or where other evidence has been lost due to the delay, an insurer may be able to prove prejudice. Estes v. Alaska Ins. Guar. Ass'n, 774 P.2d 1315, 1317 & n. 1 (Alaska 1989) ("Estes"). Weaver and Estes specify that the insurer must establish that it suffered as a result of the delay, "such prejudice as the limit [or notice provision] was intended to avoid." Estes, 774 P.2d at 1318.
 
 
 7
 Timely notice generally protects the insurer from prejudice by giving the insurer a chance "to make a timely and adequate investigation of all the circumstances," and thereby to avoid "prolonged and unnecessary litigation." Weaver, 684 P.2d at 125 (citations omitted). The requirement that an insurer must show prejudice in order to be excused from its obligations "preserv[es] insurance coverage for accident victims so long as the preservation is equitable for all parties involved." Id. NU is not an innocent victim seeking coverage from AFM. NU's delay deprived AFM of an opportunity to defend the underlying claim, and prejudiced AFM's opportunities to investigate coverage responsibility for the underlying claim. The district court concluded that the facts of Harris's death in 1981, Coulson's unavailability, and Johnston's faded memory demonstrated prejudice as a matter of law. We agree. All three witnesses could have provided information that would bear on the coverage issues. Summary judgment was appropriate.
 
 
 8
 NU also asks that the case be remanded to the district court for application of 28 U.S.C. § 1961(a) in calculating post-judgment interest. Post-judgment interest on a money judgment in federal court is governed by 28 U.S.C. § 1961(a). Northrop Corp. v. Triad Int'l Mktg., S.A., 842 F.2d 1154, 1155-56 (9th Cir.1988). The district court applied the Alaska statutory rate of interest, rather than the federal statutory rate. Although this issue was not raised in the district court, AFM does not object. We remand to the district court for application of 28 U.S.C. § 1961(a).
 
 
 9
 AFFIRMED, but REMANDED for application of 28 U.S.C. § 1961(a). Costs to Appellee.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3