156 P.3d 278 (2007)
MACLEAN TOWNHOMES, LLC, Appellant,
v.
AMERICAN STATES INSURANCE COMPANY; First Specialty Insurance Company, Defendants,
Charter Oak Fire Insurance Company, Respondent,
Royal Insurance Company of America; and Sound View Insurance Agency, Defendants.
No. 57444-2-I.
Court of Appeals of Washington, Division 1.
April 23, 2007.
*279 Gregory Louis Harper, Steven Neil Driggers, Rebecca St. Colette Sullivan, Harper Hayes PLLC, Seattle, for Appellant.
Joseph D. Hampton, Catherine Elaine Purett, Betts, Patterson & Mines, P.S., Seattle, for Respondent.
GROSSE, J.
¶ 1 MacLean Townhomes, LLC (MacLean) failed to notify the insurer of one of its subcontractors of claims involving the work of that subcontractor. In addition, again without any notice to the insurer, MacLean entered into an agreement to resolve the claims that required it to submit to binding arbitration. As the trial court ruled, this was prejudicial to Charter Oak Fire Insurance Company and relieved it of its duty to defend and indemnify. We affirm.

FACTS
¶ 2 MacLean Townhomes, LLC developed and built a 166-unit condominium in Issaquah. In the fall of 1999, MacLean entered into a subcontract with American Heritage Builders (American Heritage) to perform siding and related construction on the condominium. Charter Oak Fire Insurance Company (Charter Oak) insured American Heritage under a commercial general liability insurance policy. That policy named MacLean as an additional insured.
¶ 3 The condominium was substantially completed in 2001. The Homeowners Association (HOA) discovered construction defects, some of which were attributable to American Heritage, Charter Oak's insured. In August 2003, MacLean entered into a Cooperative Investigation and Repair Resolution Agreement (Agreement). There is no dispute that MacLean failed to give timely notice of potential claims as required under the policy. In fact, no notice of a potential claim was given to Charter Oak until March 29, 2004.
¶ 4 Charter Oak acknowledged receipt of the notice of claim and requested additional information. It also advised MacLean to "take whatever steps it deems appropriate to protect its interests in this matter" while Charter Oak was researching the coverage. However, prior to notifying Charter Oak, MacLean had already agreed to the following:
 Agreed to pay the legal fees of the HOA during the negotiation and performance of the Agreement.
 Agreed to pay for the cost of the investigator.
 Agreed to be bound by the investigator's assessments and recommendations.
 Agreed to toll the statute of repose from July 22, 2003, until complete resolution via the Agreement or until arbitration verdict was rendered.
 Agreed to binding arbitration for itself, waiving its right to reject the arbitrator's decision and forfeit its right to trial for standard litigation.
 Agreed that the HOA retained the right to reject the arbitration.
¶ 5 The trial court granted summary judgment to Charter Oak, holding that MacLean's failure to give notice was a violation of the insurance policy, prejudiced Charter Oak, and was therefore fatal to MacLean's claim.

ANALYSIS
¶ 6 Failure of an insured to give notice is not in and of itself sufficient to *280 relieve an insurer from its duty to defend. The lack of notice must be accompanied by some detriment to the insurer. As noted by this court in Canron, Inc. v. Federal Ins. Co.,[1] to establish actual prejudice the insurer must show "some concrete detriment resulting from the delay which harms the insurer's preparation or presentation of defenses to coverage or liability."[2]
¶ 7 Here, Charter Oak was bound by MacLean's unilateral agreement to binding arbitration. Given the extremely limited scope of available judicial review, the agreement removed judicial remedies that the insurer might have had.[3] Courts are precluded from reviewing an arbitrator's decision on the merits even where allegations of factual errors have been raised. Moreover, even where an arbitrator's holding contains an error of law, courts must find that the substantial rights of the parties were prejudiced thereby in order to afford any remedy. This standard is much more stringent than that faced by a party in litigation.[4]
¶ 8 MacLean contends that the result would not have been different had it notified the insurer earlier. MacLean argues that actual prejudice to Charter Oak is a question of fact that should not have been determined on summary judgment. MacLean relies upon Pulse v. Northwest Farm Bureau Ins. Co., 18 Wash.App. 59, 566 P.2d 577 (1977), to support its proposition. In Pulse, the court held that failure to notify an insurer of litigation does not amount to actual prejudice as a matter of law where the litigation achieved a clear cut result that was essentially beyond dispute. But, Pulse was distinguished in Northwest Prosthetic v. Centennial Ins.,[5] where the court affirmed a summary judgment order relieving the insurer from coverage because it was denied the opportunity to investigate the claim. In Northwest Prosthetic,[6] the court noted:
Whether interference with the insurer's ability to evaluate and investigate a claim has caused actual prejudice is ordinarily an issue of fact. Nevertheless, our courts have found summary judgment to be appropriate in several cases where the insured's breach of a notice or cooperation clause prevented the insurer from conducting a meaningful investigation of a claim or presenting a viable defense to a claim.
Here, Charter Oak is precluded from raising defenses that would be available through judicial review.
¶ 9 This court in Key Tronic Corp. v. St. Paul Fire & Marine Ins. Co.[7] held that an insured that paid for the damage caused by its own negligence and repackaged the products at its own expense was not entitled to file a claim with the insurance company for the loss where the insured failed to notify the insurer. Key Tronic, like MacLean, argued that the settlement was reasonable and therefore notice to the insurer at that time did not result in any prejudice. The court held that the insurer had a right to independently investigate. "St. Paul is not required to defer to Key Tronic's settlement decisions. St. Paul's ability to evaluate or present defenses to coverage was prejudiced by the lack of notice."[8] In the instant case, the agreement to binding arbitration precluded Charter Oak's ability to present full judicial review of its defenses. That loss of judicial review is significant.
¶ 10 Even though public policy favors alternative dispute resolution, it does so only when the parties agree to such resolution and all that it entails. Charter Oak did not agree. MacLean's unilateral decision to use binding arbitration precluded Charter Oak *281 from seeking judicial remedies to which it was rightfully entitled. Summary judgment for an insurance carrier is proper when an insured breaches the insurance policy provisions and the insurance company is prejudiced as a result.[9]
¶ 11 The trial court is affirmed.
WE CONCUR: ELLINGTON and COX, JJ.
NOTES
[1] Canron, 82 Wash.App. 480, 486, 918 P.2d 937 (1996), review denied, 131 Wash.2d 1002, 932 P.2d 643 (1997).
[2] Canron, 82 Wash.App. at 486, 918 P.2d 937.
[3] Davidson v. Hensen, 135 Wash.2d 112, 954 P.2d 1327 (1998).
[4] Chapter 7.04 RCW.
[5] Northwest Prosthetic, 100 Wash.App. 546, 997 P.2d 972 (2000).
[6] Northwest Prosthetic, 100 Wash.App. at 550, 997 P.2d 972 (internal citations omitted).
[7] Key Tronic, 134 Wash.App. 303, 139 P.3d 383 (2006).
[8] Key Tronic, 134 Wash.App. at 309, 139 P.3d 383.
[9] Herman v. Safeco Ins. Co., 104 Wash.App. 783, 788, 17 P.3d 631 (2001).