# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**United Automobile Insurance Co. v. Buckley, 2011 IL App (1st) 103666**

---

| | |
|---|---|
| Appellate Court Caption | UNITED AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant, v. RODNEY BUCKLEY and HAL HAYWOOD, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-10-3666 |
| Filed | December 5, 2011 |
| Rehearing denied | January 5, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a vehicular collision that resulted in a judgment on an arbitration award against plaintiff's insured and an order debarring him from rejecting the award, the trial court, in a consolidation of the garnishment proceedings instituted by the other driver and the insurer's action seeking a declaratory judgment that there was no coverage under the policy issued to its insured, properly found that litigation of the issue of whether the insured breached the cooperation provision was not precluded by judicial or collateral estoppel, that plaintiff's insured did not breach his duty to cooperate by failing to appear at the arbitration hearing, and that even if the cooperation clause was breached, plaintiff was not substantially prejudiced and its duties under the policy were not extinguished; therefore, the trial court's judgment for the insured and the other driver was affirmed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 09-CH-33790, 07-M1-301466 cons.; the Hon. Peter Flynn, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Shelist Law Firm, LLC, of Chicago (Assata N. Peterson and Samuel A. Shelist, of counsel), for appellant.<br><br>McCreedy Garcia & Leet, P.C., of Chicago (Michael P. McCreedy, of counsel), for appellees. |
| Panel | JUSTICE ROCHFORD delivered the judgment of the court, with opinion.<br>Presiding Justice Hoffman and Justice Hall concurred in the judgment and opinion. |

**OPINION**

¶ 1     United Automobile Insurance Co. (United) insured an automobile that was driven by Rodney Buckley and involved in a collision with an automobile driven by Hal Haywood. Mr. Haywood filed a personal injury suit, and a judgment on an arbitration award was entered in his favor against Mr. Buckley. Mr. Buckley was debarred from rejecting the award based on his failure to appear at the arbitration hearing and noncompliance with a Rule 237 (Ill. S. Ct. R. 237 (eff. July 1, 2005)) notice. Mr. Haywood, in an effort to collect the judgment, brought garnishment proceedings against United. United filed a declaratory judgment action seeking a finding that there was no coverage under its policy issued to Mr. Buckley. The two actions were consolidated. In the garnishment and the declaratory judgment actions, United argued Mr. Buckley breached the assistance and cooperation provision of its policy by failing to appear at the arbitration hearing. The trial court, after a bench trial, found that Mr. Buckley had not breached his contractual duty to cooperate and entered judgment in Mr. Haywood's favor. We affirm.

¶ 2                               BACKGROUND

¶ 3                               Personal Injury Suit

¶ 4     In his complaint filed on May 4, 2007, Mr. Haywood alleged that, on November 13, 2006, at 2:35 p.m., he was driving northbound and Mr. Buckley was driving southbound on Martin Luther King Drive in Chicago. After crossing into oncoming traffic, Mr. Buckley's automobile struck the vehicle traveling in front of Mr. Haywood and then Mr. Haywood's vehicle. Mr. Haywood charged that Mr. Buckley was negligent for failing to drive at a reasonable speed and to keep his car in the proper lane of traffic.

¶ 5     Mr. Buckley was served with summons on May 22, 2007, and three days after service,

on May 25, 2007, filed a *pro se* appearance. There is nothing in the record showing that Mr. Buckley filed an answer or responsive pleading. On July 27, 2007, the trial court entered an order setting a discovery closure date of December 21, 2007, and assigning the suit to mandatory arbitration pursuant to Supreme Court Rule 89. Ill. S. Ct. R. 89 (eff. Mar. 26, 1996). On September 10, 2007, the law firm of Parillo, Weiss & O'Halloran (Parillo Weiss), which had been hired by United to defend Mr. Buckley as its insured, moved to vacate any defaults and sought leave to file *instanter* an appearance, jury demand and answer on his behalf. After the motion was granted, Parillo Weiss filed an appearance and jury demand, but the record does not contain a responsive pleading filed by Parillo Weiss. A copy of the clerk's docket, which is in the record, does not include an entry for an answer to Mr. Haywood's complaint.

¶ 6    Mr. Buckley participated in discovery. Mr. Buckley, through Parillo Weiss, produced the reports made by the police officers who investigated the collision and gave the following notice: "all parties listed on the police report[s]" were witnesses. The police reports included the names and addresses of seven persons, including Mr. Haywood and Mr. Buckley.

¶ 7    Pursuant to Supreme Court Rule 237(b) (Ill. S. Ct. R. 237(b) (eff. July 1, 2005)), Mr. Haywood sent notice to Mr. Buckley requesting his presence at trial. See *Bachmann v. Kent*, 293 Ill. App. 3d 1078, 1082 (1997) (A Rule 237 notice to appear at trial applied to an arbitration hearing where the case was transferred to mandatory arbitration and a trial was not yet scheduled.); Ill. S. Ct. R. 90(g) (eff. July 1, 2008) (Rule 237 is "equally applicable to arbitration hearings as they are to trials."). Mr. Haywood sent Mr. Buckley notice of his intention to submit certain medical records and bills at the arbitration hearing pursuant to Supreme Court Rule 90(c). Ill. S. Ct. R. 90(c) (eff. July 1, 2008). These records reflected that, after the collision, Mr. Haywood suffered various injuries, including: acute cervical strain, shoulder sprain, acute thoracic sprain/strain, and skull contusion. The records showed Mr. Haywood received medical treatment from the date of the collision through December 19, 2006. The medical expenses totaled approximately $5,400.

¶ 8    After two continuances requested by Mr. Buckley, the case was set for an arbitration hearing on June 5, 2008. Parillo Weiss sent Mr. Buckley a notice as to the date, time and location of the arbitration hearing. The notice, dated April 7, 2008, stated:

"IF YOU FAIL TO APPEAR AT YOUR HEARING:

(1) A judgment will be entered against you, which may exceed your policy and which <u>you must pay personally</u>.

* * *

(c) You will lose your driver's license." (Underlined text in the original.)

The notice requested that Mr. Buckley confirm its receipt by calling Parillo Weiss. Additionally, United sent Mr. Buckley a letter dated May 13, 2008, reminding him of the June 5 arbitration hearing and stating: "Your attendance and cooperation at the hearing is required under Condition 6 of you[r] UAIC policy." Mr. Buckley failed to appear at the arbitration hearing, but Parillo Weiss appeared on his behalf.

¶ 9    The arbitrators entered an award in favor of Mr. Haywood in the amount of $15,000 and court costs. The award included the following statement: "Rodney Buckley did NOT

participate in good faith based upon the following findings: Rule 237 served upon Defense Counsel on Feb. 18, 2008 for Defendant Buckley to appear at arbitration & trial. Defendant failed to appear."

¶ 10 Parillo Weiss timely filed a notice of Mr. Buckley's rejection of the award. Mr. Haywood moved to debar the rejection, citing Supreme Court Rule 90(g) (Ill. S. Ct. R. 90(g) (eff. July 1, 2008)), which provides sanctions that may be entered for a failure to comply with a Rule 237 notice, including an order debarring rejection of the award. Mr. Haywood also stated "the arbitrators had found bad faith." In opposition to the motion, Parillo Weiss argued the failure to appear was an "inadvertant mistake" and submitted Mr. Buckley's affidavit, which stated he was aware of the date of the arbitration, but he "associated it with the wrong day," mistakenly thinking the arbitration date was on a Friday. Mr. Buckley apologized for his "mistake." On September 18, 2008, the trial court debarred Mr. Buckley from rejecting the award and entered judgment on the award. The order does not include a basis for the sanction or findings of fact or law. The record does not contain a transcript of proceedings relating to the motion to debar.

¶ 11 The judgment on award was not attacked or appealed by Mr. Buckley and became final. Shortly after the judgment became final, United sent Mr. Buckley a letter dated October 24, 2008, denying coverage as to the judgment because of his lack of cooperation.

¶ 12 Garnishment Proceedings

¶ 13 Mr. Haywood, in an attempt to collect his judgment against Mr. Buckley, brought a third-party garnishment action against United seeking the proceeds under the policy. United filed an answer and an affirmative defense denying there was coverage under its policy because Mr. Buckley, by failing to appear at the arbitration hearing, had breached the assistance and cooperation provision. That provision states:

> "6. **Assistance and Cooperation of the Insured.** As a condition precedent to the company's duty of indemnity with respect to suits against the insured, the insured shall cooperate with the Company and upon the Company's request, attend hearings, trial and examinations under oath, and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

¶ 14 United and Mr. Haywood filed cross-motions for summary judgment as to the coverage issue. Mr. Haywood argued Mr. Buckley's failure to appear at the arbitration hearing was due to inadvertence and he had otherwise cooperated and participated in the defense of the suit. In support of his motion, Mr. Haywood submitted two affidavits of Mr. Buckley, including Mr. Buckley's affidavit, which had been submitted in response to the motion to debar rejection of the award. In the second affidavit, Mr. Buckley averred:

> "On November 13, 2006, I was involved in a car accident with Hal Haywood. I learned that a lawsuit was filed by his attorney and that I was being represented by the law firm

Parillo Weiss & O'Halloran. I received phone calls and letters from Parillo Weiss & O'Halloran regarding the lawsuit. I returned the phone calls and responded to all the letters from Parillo Weiss & O'Halloran. I cooperated with Parillo Weiss & O'Halloran in every aspect of the lawsuit with the exception of attending the arbitration hearing. I spoke with an employee of Parillo Weiss & O'Halloran and explained that I mistakenly had the wrong date for the arbitration hearing. They sent me an affidavit regarding the reason why I did not attend the arbitration hearing. I signed the affidavit and sent it back to them. I subsequently attended court dates on September 23, 2008, in courtroom 1310 and on March 3, 2009, in courtroom 1401 both at the Daley Center regarding this case."

¶ 15 United contended principles of estoppel prevented Mr. Haywood from arguing that Mr. Buckley had not wilfully failed to appear at the arbitration hearing when he had previously sought sanctions based on the arbitrator's finding of bad faith. The trial court denied both motions finding there was "a question of fact remaining as to 'willfullness.' "

¶ 16                                         Declaratory Action

¶ 17 On September 16, 2009, United filed a declaratory judgment action seeking a finding that there was no coverage under its automobile policy because Mr. Buckley had failed to cooperate. United named Mr. Buckley and Mr. Haywood as defendants. The two actions were consolidated.

¶ 18 The actions proceeded to a bench trial on November 8, 2010, where United and Mr. Haywood appeared through counsel and Mr. Buckley appeared *pro se*. Mr. Buckley testified he had participated in the personal injury suit, made appearances in court, communicated regularly with Parillo Weiss and assisted in discovery. He received the notice of the arbitration hearing from Parillo Weiss and contacted that office to confirm his receipt of the notice. He knew the arbitration hearing was set for June 5, a Thursday, but "thought it was on a Friday." Mr. Buckley had told his supervisor he would not be at work on that Friday. An attorney from Parillo Weiss called him on June 5 to tell him he had missed the arbitration hearing. Mr. Buckley then explained to the attorney he had confused the day of the week. Mr. Buckley appeared at subsequent court proceedings. He testified that, other than his failure to appear at the arbitration hearing, he had done everything asked of him. Mr. Buckley testified that a reminder phone call from Parillo Weiss would have been helpful to avoid his confusion as to the day. Mr. Buckley admitted to being at fault as to the collision with Mr. Haywood.

¶ 19 Ellen O'Dea, a legal secretary at Parillo Weiss, testified she prepared the notice of rejection of the award because the firm disagreed with the bad-faith finding of the arbitrators. Ms. O'Dea believed Mr. Buckley had cooperated with the firm.

¶ 20 William Raniere, as an attorney employed by United as counsel, was responsible for assigning the defense of personal injury suits to firms such as Parillo Weiss. Mr. Raniere made the determination that Mr. Buckley had breached his duty to cooperate under the policy, the decision to deny coverage, and the decision to file the declaratory judgment. His conclusion as to non-cooperation was based on Mr. Buckley's failure to appear at the arbitration, the arbitrators' finding of bad faith, and the trial court's order debarring rejection

of the award and entering judgment on the award.

¶ 21    On cross-examination, Mr. Raniere stated he made the decision that Parillo Weiss should reject the arbitrators' award because he disagreed with the findings of the arbitrators as to liability, damages and bad faith. Mr. Raniere also agreed that Mr. Buckley had been cooperating "up until not showing at the [arbitration] hearing."

¶ 22    Following closing arguments, the trial court announced its finding. The court found: (1) it was not disputed that United took proper steps to secure Mr. Buckley's presence at the hearing; (2) Mr. Haywood and Mr. Buckley were not estopped from arguing that Mr. Buckley had not breached the cooperation clause; and (3) Mr. Buckley did not act wilfully when he failed to appear at the arbitration hearing. On November 19, 2010, the trial court signed an order entering judgment in favor of Mr. Buckley and Mr. Haywood and adopting its oral rulings. United timely appeals.

¶ 23    On appeal, United argues: (1) based on the doctrines of judicial estoppel and collateral estoppel, the issue of Mr. Buckley's refusal to cooperate for failing to appear at the arbitration hearing could not be relitigated; (2) the evidence demonstrated United took reasonable steps to assure Mr. Buckley's participation at the arbitration hearing and demonstrated Mr. Buckley's refusal to cooperate; and (3) United was substantially prejudiced by Mr. Buckley's failure to appear at the arbitration hearing. United further argues, "in the alternative," that the trial court in the personal injury suit erred by entering the order to debar Mr. Buckley's rejection of the award where there was evidence that his failure to appear at the arbitration hearing was inadvertent. United asks that the order debarring rejection now be reversed.

¶ 24                                    ANALYSIS

¶ 25                    Assistance and Cooperation Provision

¶ 26    An assistance and cooperation provision "enables an insurer to prepare its defense to a loss claim and prevents collusion between the insured and injured party." *Founders Insurance Co. v. Shaikh,* 405 Ill. App. 3d 367, 374 (2010). "In an action wherein the insurer asserts a breach of the cooperation clause, the burden of proof is upon the insurer to prove what in law constitutes the breach." *M.F.A. Mutual Insurance Co. v. Cheek*, 66 Ill. 2d 492, 496 (1977).

¶ 27    "In order to establish [a] breach of a cooperation clause, the insurer must show that it exercised a reasonable degree of diligence in seeking the insured's participation and that the insured's absence was due to a refusal to cooperate." *Shaikh*, 405 Ill. App. 3d at 374. The refusal to cooperate must be wilful. See *Mazzuca v. Eatmon*, 45 Ill. App. 3d 929, 933 (1977); *Wallace v. Woolfolk*, 312 Ill. App. 3d 1178, 1180 (2000). These determinations are made by examining the particular facts of the case at hand and must be shown by a preponderance of the evidence. *Id.*

¶ 28    Because automobile policies serve to protect members of the public who are injured by the insured's negligence, "an insurer will not be relieved of its contractual responsibilities unless it proves it was substantially prejudiced by the insured's actions or conduct in regard to its investigation or presentation or defense of the case." *Shaikh*, 405 Ill. App. 3d at 375

(citing *M.F.A.*, 66 Ill. 2d at 500). To prove substantial prejudice, the insurer has the burden "to demonstrate that it was actually hampered in its defense by the violation of the cooperation clause." *M.F.A.*, 66 Ill. 2d at 500. A presumption of prejudice does not exist when an insurer raises a breach of the cooperation clause. *Id.*

¶29    United has identified Mr. Buckley's failure to appear at the arbitration hearing as a breach of the cooperation provision. We must determine: (1) whether United has established that it exercised reasonable diligence to secure Mr. Buckley's presence at the arbitration hearing and his failure to appear due to a mistake as to the day constitutes a wilful refusal to cooperate; and (2) whether, if we find a breach of the cooperation provision, United was substantially prejudiced by Mr. Buckley's failure to appear at the arbitration hearing to justify the extinguishment of its responsibilities under the policy. We must also address whether judicial and collateral estoppel principles preclude litigation of whether Mr. Buckley wilfully refused to cooperate.

¶30                              Reasonable Diligence

¶31    United offered evidence that Mr. Buckley received written notice of the date and time of the arbitration hearing from Parillo Weiss and Mr. Buckley confirmed receipt of this notice. The notice was dated April 7, 2008, two months before the arbitration hearing. The evidence also showed Mr. Buckley received a May 13, 2008, letter from United wherein United asserted that he had an obligation to attend the June 5 arbitration hearing pursuant to the cooperation provision of the policy. Mr. Buckley testified that a reminder phone call would have been helpful to avoid confusion as to the day. The trial court observed, "if an effort is to be made to get a party or witness to show up, the effort has to be made the day before the arbitration." However, the trial court ultimately found the parties were not in dispute that United "did what it was supposed to do" to assure Mr. Buckley's presence at the arbitration hearing. Although we see merit in the trial court's initial observation, that a phone call on the day prior to the arbitration would help secure the insured's presence, we need not decide the issue of United's reasonable diligence in light of our determinations discussed below.

¶32                              Wilful Refusal to Cooperate
¶33                              Judicial Estoppel

¶34    United argues, because Mr. Haywood obtained a bad-faith finding from the arbitrators and an order debarring rejection in the personal injury suit, he was judicially estopped in these proceedings from arguing Mr. Buckley did not wilfully refuse to cooperate. We disagree.

¶35    The doctrine of judicial estoppel "promote[s] the truth and *** protect[s] the integrity of the court system by preventing litigants from deliberately shifting positions to suit the exigencies of the moment." *Bidani v. Lewis*, 285 Ill. App. 3d 545, 550 (1996). Judicial estoppel is "flexible" but five elements are "generally necessary": "(1) the two positions must be taken by the same party; (2) the positions must be taken in judicial proceedings; (3) the positions must be given under oath; (4) the party must have successfully maintained the first position and received some benefit; and (5) the two positions must be totally inconsistent."

-7-

*Id.* "Judicial estoppel applies to statements of fact and not to legal opinions or conclusions." *Maniez v. Citibank, F.S.B.*, 404 Ill. App. 3d 941, 949 (2010). We review a trial court's decision, as to the application of judicial estoppel, under an abuse of discretion standard. *Moy v. Ng*, 371 Ill. App. 3d 957, 962 (2007).

¶ 36    United seeks to bar litigation of the noncooperation provision by Mr. Haywood on judicial estoppel grounds because he sought a bad-faith finding from the arbitrators and an order barring rejection in the personal injury suit. United is pointing out what it believes are Mr. Haywood's inconsistent legal positions–Mr. Buckley's failure to appear at the arbitration hearing, in light of the Rule 237 notice, was in bad faith but does not amount to a refusal to cooperate in light of all the facts and circumstances. However, " '[t]he doctrine of judicial estoppel rests upon public policy which upholds the sanctity of the oath and its purpose is to bar as evidence statements and declarations which would be contrary to sworn testimony the party has given in the same or previous judicial proceedings.' " (Internal quotation marks omitted.) *Id.* at 962 (quoting *Bidani*, 285 Ill. App. 3d at 549). See also *McNamee v. Sandore*, 373 Ill. App. 3d 636, 650 (2007) (judicial estoppel bars factual inconsistencies and not legal inconsistencies). United, in seeking judicial estoppel application, does not set forth any statements of fact made under oath at the arbitration hearing or in the earlier court proceedings by or on behalf of Mr. Haywood. The motion to bar rejection of the award was not verified or supported by testimony or evidence. Judicial estoppel does not apply to alleged legal inconsistencies and there was no abuse of discretion by the trial court in rejecting application of this doctrine against Mr. Haywood.

¶ 37                              Collateral Estoppel

¶ 38    United next argues both Mr. Haywood and Mr. Buckley were barred from litigating the breach of the cooperation provision issue based on collateral estoppel principles. We disagree.

¶ 39    Collateral estoppel, an equitable doctrine, applies "when the issue decided in the prior adjudication is identical with the one presented in the current action, there was a final judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication." *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 81 (2001). Collateral estoppel "may generally apply to prior determinations of law." *Id.* at 80. The doctrine will not be applied where to do so would result in unfairness. *Kim v. St. Elizabeth's Hospital of the Hospitals Sisters of the Third Order of St. Francis*, 395 Ill. App. 3d 1086, 1093 (2009). We review an issue as to the applicability of collateral estoppel *de novo*. *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 158 (2010).

¶ 40    As there was a final judgment in the personal injury suit, and Mr. Haywood and Mr. Buckley were parties to the various actions, we must determine whether the issues litigated as to the motion to bar the rejection were identical to those issues surrounding litigation of the cooperation provision of United's policy. A party who appears at an arbitration hearing, in person or through counsel, has the right to file a written notice of rejection of the award. *Williams v. Dorsey*, 273 Ill. App. 3d 893, 899 (1995); Ill. S. Ct. R. 93(a) (eff. Jan. 1, 1997).

"However, the filing of a notice of rejection is ineffective if the party is debarred from rejecting the award." *Williams*, 273 Ill. App. 3d at 899. The trial court may enter an order debarring the rejection pursuant to Rule 90(g) for a violation of a Rule 237 notice to appear (*Williams*, 273 Ill. App. 3d at 899) or pursuant to Rule 91(b) for a failure to participate in the hearing in good faith and in a meaningful manner. *Anderson v. Mercy*, 338 Ill. App. 3d 685, 689 (2003). The decision to bar a party from rejecting an arbitration award rests within the sound discretion of the trial court. *Nationwide Mutual Insurance Co. v. Kogut*, 354 Ill. App. 3d 1, 4 (2004).

¶ 41 Mr. Haywood, in seeking the debarring order, cited only Rule 90(g). Under Rule 90(g), an offending party must show that his noncompliance with Rule 237 was reasonable or the result of extenuating circumstances. *Williams*, 273 Ill. App. 3d at 901. When deciding what is reasonable or what are the extenuating circumstances, courts consider whether the offending party acted in a "deliberate and pronounced disregard" for the rules and the court. *Johnson v. Saenz*, 311 Ill. App. 3d 693, 698 (2000).

¶ 42 Based on these principles, the issues raised by the motion to debar were whether Mr. Buckley had shown extenuating circumstances for his failure to comply with the Rule 237 notice or, instead, a deliberate disregard for the rules of the court, and whether such an order should be entered within the sound discretion of the court. In contrast, the issues decided in the garnishment and declaratory actions were whether United had presented sufficient evidence to establish it had exercised reasonable diligence, whether Mr. Buckley had wilfully refused to cooperate with his counsel and United, and whether United was substantially prejudiced by his failure to appear. The issues are distinct.

¶ 43 United argues the order to debar was based on the arbitrator's finding that Mr. Buckley had not participated in good faith and, therefore, would have been decided under a Rule 91(b) framework. The arbitrators did find bad faith, but solely on Mr. Buckley's failure to comply with Rule 237, and they made no finding as to the manner under which the arbitration hearing was conducted. The trial court's order debarring rejection did not state its basis or any findings. We are not convinced that the motion to debar should be analyzed under Rule 91(b) for collateral estoppel purposes.

¶ 44 Even if the motion to debar was one brought under Rule 91(b), the issues decided on such a motion would be different from the issues faced by the trial court as to the cooperation of Mr. Buckley under the policy. Rule 91(b) requires that a party participate in the arbitration hearing not only in good faith, but also in a meaningful manner. The rule's standards are met where the case is subjected at arbitration to "the type of adversarial testing expected at a trial." *Anderson*, 338 Ill. App. 3d at 689. In considering whether an order debarring rejection would be an appropriate exercise of discretion, the court must decide whether the offending party intentionally disregarded the arbitration process. *Kogut*, 354 Ill. App. 3d at 7. Again, the issues raised as to a Rule 91(b) motion to debar are different from those that were to be decided as to whether Mr. Buckley breached his duty to cooperate.

¶ 45 Even if the identity of issues element of collateral estoppel was met here, application of the doctrine would not be fair. Automobile policies of insurance "are not purely private affairs but abound with public policy considerations, one of which is that the risk-spreading

theory of such policies should operate to afford to affected members of the public–frequently innocent third persons–the maximum protection possible consonant with fairness to the insurer." (Internal quotation marks omitted.) *M.F.A.*, 66 Ill. 2d at 501 (quoting *Oregon Automobile Insurance Co. v. Salzberg*, 535 P.2d 816, 819 (1975). Our legislature, recognizing this public interest, has enacted statutory requirements for automobile financial responsibility including mandatory liability insurance. *M.F.A.*, 66 Ill. 2d at 501-02; 625 ILCS 5/7-601(West 2010). Strong public policy reasons existed to require full litigation of whether Mr. Buckley breached his duty to cooperate and whether United's coverage responsibilities should have been extinguished to prevent coverage for this automobile collision.

¶ 46    Under the applicable rules, Mr. Haywood had a basis to seek the order debarring rejection of the award and obtain a favorable judgment in his favor without the additional costs and time involved in further litigation of a suit where, as discussed below, the negligence of Mr. Buckley had not been denied. Under these particular circumstances, unfairness would result if collateral estoppel were to apply to preclude Mr. Haywood from then litigating whether there was coverage under the cooperation clause. On the other hand, it would be unfair under these facts to allow United to assert collateral estoppel and preclude Mr. Buckley from establishing that he did not breach the cooperation provision. The judgment on the award against Mr. Buckley went unchallenged, despite the showing that his failure to appear at arbitration was inadvertent and his defense counsel and United had disagreed with the arbitrators' finding of bad faith.

¶ 47    We affirm the trial court's finding that collateral estoppel was not applicable.

¶ 48                        Manifest Weight of the Evidence

¶ 49    Having determined that litigation of the issue as to a breach of the cooperation provision was not precluded by judicial or collateral estoppel principles, we must decide whether the trial court's finding, that Mr. Buckley did not wilfully refuse to cooperate, was supported by the manifest weight of the evidence. See *Buckner v. Causey*, 311 Ill. App. 3d 139, 142 (1999). A finding is against the manifest weight of the evidence if it is unreasonable, arbitrary, or not based on the evidence. *Id*. at 143.

¶ 50    The record shows that Mr. Buckley filed his appearance in the personal injury suit just days after service, participated in the court proceedings, assisted in the discovery process, and regularly communicated with his counsel. The evidence is uncontradicted that Mr. Buckley's failure to appear at the arbitration hearing was an inadvertent mistake as to the day. Ms. O'Dea and Mr. Raniere testifying for United described Mr. Buckley as cooperative. Mr. Raniere testified that he authorized the filing of the notice of rejection of the award in part because he disagreed with the arbitrators' finding of Mr. Buckley's bad faith. The trial court's decision, that Mr. Buckley did not wilfully refuse to cooperate, was not against the manifest weight of the evidence.

¶ 51                        Substantial Prejudice

¶ 52    United argues on appeal that it was prejudiced by Mr. Buckley's failure to appear because his "absence at arbitration prevented any testimony regarding what Buckley saw and

experienced" at the time of the collision. We disagree.

¶ 53 This three-car collision occurred during the day on a main street in the city of Chicago. It is reasonable to conclude there were nonparty witnesses to this incident. In fact, the police reports include the names and addresses of five witnesses, other than Mr. Haywood and Mr. Buckley. United has not shown or argued that these witnesses could not have been called to testify as to the nature of the collision and the impact. Mr. Haywood's car was struck when Mr. Buckley's car crossed into the lane of oncoming traffic. Because an answer was never filed, the allegations of the complaint were never denied by Mr. Buckley. 735 ILCS 5/2-610(b) (West 2010) ("Every allegation, except allegations of damages, not explicitly denied is admitted ***."). In his testimony at the bench trial, Mr. Buckley admitted he was at fault for the collision. Under these circumstances, Mr. Buckley's presence at the arbitration was not necessary to defend the claim of negligence. As to damages, Mr. Haywood's medical bills were produced before the arbitration hearing, were not extensive, and his treatment was limited in duration. United had an opportunity to fully review this evidence prior to arbitration and prepare a defense. Mr. Buckley's absence from the arbitration hearing did not prevent United from challenging the damages evidence or from cross examination of Mr. Haywood as to his injuries and treatment. United has not shown it was dependant upon Mr. Buckley for full and complete disclosure of the facts or preparation of the defense to Mr. Haywood's personal injury suit. Compare *Shaikh*, 405 Ill. App. 3d at 379 (substantial prejudice found where insured, the only other witness to the occurrence, failed to appear at arbitration and injured plaintiff had made numerous other-injury claims to insurers before and after collision with the insured). Therefore, even if United had demonstrated a breach of the cooperation clause, its duties under the policy would not be extinguished because it did not establish substantial prejudice.

¶ 54                                 Appeal of Order Debarring Rejection

¶ 55 United argues "in the alternative" that the order debarring rejection of the award was an abuse of discretion "because the record establishes that [Mr. Buckley] had a reasonable explanation for failing to appear." United now asks that we reverse that order.

¶ 56 We note that United did not raise this "alternative" argument as a defense to the garnishment proceedings or as a basis to deny coverage in the declaratory action. We do not consider whether such an argument could have been made. Thus, United's argument is a collateral attack on the order debarring rejection and entering judgment on the award in the personal injury suit.

¶ 57 United asserts that it has standing to appeal the order debarring rejection and entering a judgment on the award, despite the fact that United was not a party to the personal injury suit because it has been adversely impacted by the order. United has waived review by failing to cite any authority to support this specific contention that an insurer has standing to appeal an adverse decision against its insured in a personal injury suit. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). Moreover, United's argument that it has standing runs contrary to the well-established principal that "[i]n Illinois, direct actions against insurance companies are against public policy." *Zegar v. Sears Roebuck & Co.*, 211 Ill. App. 3d 1025, 1027 (1991).

¶ 58                          CONCLUSION

¶ 59          For the foregoing reasons, we affirm the circuit court.

¶ 60          Affirmed.